Robert E. WAITES et al., Plaintiffs-Appellants,

v.

ST. LOUIS COUNTY, Missouri, et al., Defendants-Respondents.

No. 56411.

Supreme Court of Missouri, Division No. 1.

Sept. 11, 1972.

Chopin & Boisaubin, Alfred L. Boisaubin, St. Louis, for appellants.

George F. Gunn, Jr., St. Louis County Counselor, Thomas W. Wehrle, Deputy County Counselor, James H. White, Asst. County Counselor, St. Louis County Government Center, Clayton, for respondents St. Louis County, Missouri, Members of St. Louis County Council, Supervisor of St. Louis County and Director of Public Works.

John King, Clayton, Husch, Eppenberger, Donohue, Elson & Cornfeld, Shulamith Simon, St. Louis, for respondent Deutsch.

SEILER, Judge.

■ Plaintiffs, nearby landowners, sought declaratory judgment to invalidate two rezoning ordinances enacted by the St. Louis County Council for failure to comply with procedural requirements of the county zoning provisions and to enjoin issuance of permits in accordance with the rezoning ordinances. The trial court sustained defendants' motion for summary judgment and plaintiffs appeal. Since this appeal was pending here on January 1, 1972, the effective date of the amendment to Sec. 3 of Art. V, Constitution of Missouri, V.A. M.S., this court has jurisdiction because a county is a party.

The St. Louis County Council rezoned a 65.4 acre tract in an unincorporated area of the county, from non-urban to residential, including a planned environment unit. Plaintiffs contend the rezoning ordinances are invalid because there was no written report to and hearing by the planning commission within 120 days after the filing of the rezoning petition, no bill was introduced before the council within 90 days after the planning commission's report, and the real estate developer who petitioned for the changes was not the owner of the land, or the owner's agent, and whatever legal interest the developer had in the land expired before the bills were introduced before the council.[1]

■ Sec. 1003.300–3, St. Louis County Revised Ordinances, dealing with petitions for change of zoning reads in part: "Upon the filing . . . of a petition to amend . . . the matter shall be studied by the Planning Director and a written report submitted to the Planning Commission and a public hearing be set before the Planning Commission within 120 days . . ." As said in Mutual Building & Loan Ass'n of Long Beach v. Corum, 220 Cal. 282, 30 P. 2d 509, 513: "to set" is ". . . commonly understood, in legal parlance, as the fixing by the court . . . of a definite future date for trial of an action . . ." So the fact that the hearing before the planning commission was not held until November 19, 1968, is not a fatal defect, inasmuch as on November 2, 1968, which was within 120 days of July 8, 1968, the date on which the petitions for rezoning were filed, the planning commission did set a date for a hearing.

■ Plaintiffs also contend a written report must be submitted within 120 days of the filings. Here the written report was not submitted by the planning director to the planning commission until December 3, 1968, which was 148 days after the petitions were filed. Based upon our reading of the section in question as a whole, in-

1. Inasmuch as the parties do not raise or discuss the point, we pass without further comment the matter of whether the rezoning ordinances under consideration would ordinarily be subject to the attack here made in the absence of claim of arbitrariness or unreasonableness or lack of notice or hearing.

cluding our interpretation of the public hearing requirements, we cannot hold that the ordinance in question requires submission of a written report within 120 days of the filing of the petitions. It would be contrary to the intent of the ordinance and the reasons behind the provision to require the planning director to study and report on an application within 120 days when the hearing date may be months away. That interpretation would require the planning director to file his report without the benefit of hearing pro and con positions at the public hearing and would impose unnecessary and burdensome deadlines on the study and report required by the ordinance. We, therefore, overrule plaintiffs' contentions as to the 120 days point.

█ Plaintiffs next argue that the order of February 6, 1969 by the council which sent the report back to the planning commission for restudy was not a resolution within the provisions of Sec. 1003.300–1 that ". . . If a bill granting or denying application is not introduced within ninety days after a report thereon by the Planning Commission is received by the County Council at a regular meeting, it shall be deemed denied, unless extended by resolution during the ninety day period . . ."

"A resolution is not a law, and in substance there is no difference between a resolution, order, and motion", 56 Am.Jur. 2d, Municipal Corporations, Sec. 344; Julian v. Mayor (Mo.Sup.), 391 S.W.2d 864, 867; City of Salisbury v. Nagel (Mo.App.), 420 S.W.2d 37; State ex rel. Jones v. Atterbury (Mo.Sup. banc), 300 S.W.2d 806; 5 McQuillin, Municipal Corporations, 3rd ed., Sec. 15.02; although Missouri does distinguish between a resolution and an ordinance, State ex rel. Gove v. Tate (Mo. Sup. banc), 442 S.W.2d 541.

The council's order of February 6, 1969 did constitute a resolution within the meaning of Sec. 1003.300–1, that section of the ordinance was complied with, and this point is also overruled.

The final question raised by plaintiffs revolves around whether the rezoning applications were made by a proper person. The ordinance provides that a proposed rezoning ". . . may be initiated . . . by a verified application of . . . the owners or authorized representatives of the owners of property within the area proposed to be changed . . ." and that the granting of a planned environment unit permit ". . . shall be initiated by the filing of a verified application by . . . the owners or authorized representatives of the property sought to be used . . ." The applications in the case at bar were made by a real estate developer, Marvin Deutsch. In his applications, Deutsch certified that he had a legal interest in the property sought to be rezoned, which he described as "Purchase contract dated 6–17–68, expiring 3–16–69." Plaintiffs contend that inasmuch as Deutsch was not shown to be the owner or his authorized representative and since his purchase contract expired before the rezoning was complete, he was not a proper party to apply for rezoning.

We do not consider this a substantial objection in the circumstances of this case. The evidence shows the required notices were given and a public hearing held, so plaintiffs were not shorted in this respect, regardless of who submitted the proceedings. Deutsch was not a stranger or volunteer. The evidence shows he had paid $10,000 to the record owner, with another $40,000 being held in an escrow account, and that certain contingencies regarding a roadway entrance on adjoining property and a present right of way over the property to be rezoned had been waived.

██ In our opinion, Deutsch had sufficient standing to initiate the petitions for rezoning. Hatch v. Fiscal Court of Fayette County (Ky.), 242 S.W.2d 1018, 1022; Pitman v. City of Medford, 312 Mass. 618, 45 N.E.2d 973, 977. He was acting for himself and if we view the matter realistically, also was acting as representative of the interests of the owner. It was to their

mutual interest to have the property rezoned. Once the rezoning proceedings are started and proper notice given and hearings held, the question as to what action the legislative body is to take depends not so much on the identity of the owner as it does on the situation of the property and the facts and circumstances of the case, Arant v. Board of Adjustment of City of Montgomery, 271 Ala. 600, 126 So.2d 100, 104.

Judgment affirmed.

HOLMAN, P. J., and SEMPLE, Special Judge, concur.

BARDGETT, J., not sitting.