## WASHINGTON STREET PROPERTY OWNERS ASSOCIATION et al v. CITY OF CAMDEN et al

77-407                              566 S.W. 2d 733

Opinion delivered June 12, 1978
(Division I)

*James M. Pratt, Jr.,* of *Brown, Compton & Prewett, Ltd.,* for appellants.

*Ralph E. Faulkner,* of *Faulkner, Goza & Rollins,* and *Allen P. Roberts,* of *Gaughan, Barnes, Roberts, Harrell & Laney,* for appellees.

FRANK HOLT, Justice. This case is a sequel to *Lindsey* v. *City of Camden,* 239 Ark. 736, 393 S.W. 2d 864 (1965). There as here, it involves the zoning classification of four lots in Camden from RM-1 (Multi-Family Residence District) to C-2 (Neighborhood Shopping District). On March 21, 1967, following our affirmance of the city's refusal to rezone this property, the landowner, appellee Lloyd Lindsey, filed his present application with the appellee city to rezone the property from residential to commercial use. After notice and a public hearing at which no one appeared in opposition to the rezoning request, the Planning Commission voted to approve the application by a three to one vote, three members being absent. The Planning Commission certified its approval of the application to the seven member City Board of Directors which approved the application on May 1, 1967, by a unanimous vote and enacted Ordinance 649 rezoning the property from residential to commercial use.

Two weeks later the Planning Commission and the City Manager informed the Board that the Commission, in fact, had not validly approved the rezoning application inasmuch as the proposed amendment to the zoning law had not been approved by a majority vote of the seven member Planning Commission as required by § 12.1.3 (2) of the city's zoning ordinance. However, the manager's report reads in part:

> This matter is called to the Board's attention so that it may reconsider its action, and, if it wishes, repeal the Ordinance making the requested re-zoning effective. A draft ordinance to this effect will be available at the meeting.

> If, after consideration, the Board determines that it would have desired to enact the amendment over the Planning Commission's disapproval, then it may choose to allow the Ordinance enacted at the May 1 meeting to stand by taking no action.
>
> In the event the Board repeals the Ordinance, Mr. Lindsey should be notified of this action and be given a period of fifteen days in which to appeal the Planning Commission's action to the Board of Directors . . . . .

After being advised of the inadvertent mistake, the Board conducted a hearing at which the proponents and opponents of the ordinance appeared with counsel. Following their arguments and a discussion by the Board, according to the minutes, the Board took no action in regard to the ordinance.

Appellants appealed to the chancery court alleging the ordinance was void due to the procedural irregularities in its adoption. This appeal and a temporary injunction against commercial activity lay dormant until 1977. Then, after a hearing, the chancery court dissolved the restraining order and dismissed appellants' complaint after finding there was substantial compliance with the procedure for amending the zoning law. Here appellants argue that the chancellor erred in finding the Board's action in adopting Ordinance 649 was not arbitrary in view of procedural defects.

Appellants' contention is that the present application for rezoning was not properly before the Board on May 1, 1967, when it first approved the rezoning by unanimous vote, because the seven member Planning Commission had not approved the application by a majority vote of its membership. The crux of appellants' argument appears to be that affirmative action on the part of the Board was necessary to cure the procedural defect in the initial enactment of the ordinance, the Board must have clearly demonstrated an intent to validate the ordinance and ratify the error such as by re-enactment of the ordinance. They cite *Northern Texas Utilities Co.* v. *Community Natural Gas Co.*, 297 S.W. 904 (Tex. Civ. Ct. App. 1927), for the proposition that in order to evidence ratification of an invalid ordinance, it must appear that the

subsequent proceedings were had with full knowledge of the invalidity of the ordinance and a manifest intent to cure it thereby.

While it is true that, here, the Commission erroneously certified to the Board their recommendation that the property be rezoned despite the clear language of the zoning ordinance which requires four affirmative votes by the Commission members, we find no prejudicial error. At the original hearing before the Commission, no one appeared to oppose the rezoning. The Commission voted three to one with three members absent to approve the change. The Board, relying upon the Commission's certification of approval, enacted the ordinance by a unanimous vote of seven to zero. Only a majority vote was required by § 12.1.3 (4). The Commission and the City Manager, upon discovering that four affirmative votes were required for the Commission's approval of the proposed zoning change, informed the Board that the Commission had not technically approved the proposed amendment. The Commission never sought to rescind its action or certification. In fact, the Board was advised that it could reconsider its enactment of the ordinance and repeal it. A repealing ordinance would be provided. Further, the Board could allow the ordinance to remain in force by not repealing it or "by taking no action" if it determined that it would have enacted the ordinance over the Commission's disapproval anyway.

The minutes of the Board state:

After argument by both sides and a discussion by the Board, no action was taken. A motion was made by Director Campbell and seconded by Director Jordan to move on to the next order of business. The motion carried.

However, significantly, here we have a stipulation of facts which, *inter alia,* reflects that the Board by a six to zero vote, one member being absent, refused to repeal the ordinance.

In the circumstances, we agree with the chancellor that the requirements of § 12 of the zoning ordinance were sub-

stantially complied with. The subsequent action by the Board, with full knowledge of the Commission's error in recommending approval, cured any defect. *N. Texas Utilities Co. v. Community Natural Gas Co., supra.*

Appellants also assert the Board's action in adopting the ordinance was arbitrary because of another procedural defect. It is argued that the Board failed to comply with § 12.1.4 which provides:

> No application for amendment to change the zoning for the same property may be resubmitted within twelve months from the date of action by the Planning Commission or City Board of Directors, whichever is later, unless the Planning Commission finds that a substantial reason exists for waiving this limitation.

Appellants insist that at the time the present application was filed on May 1, 1967, there was still pending in chancery court an appeal from a previous denial of an application filed by appellee Lindsey concerning the same property; therefore, § 12.1.4 prohibited the latter application. Here the previous application was filed on November 3, 1965, upon which the Commission acted December 9. The latest action on that application was the Board's refusal to approve it on January 3, 1966. Appellee Lindsey's subsequent and present application was filed on March 21, 1967, or over twelve months later.

Affirmed.

We agree. HARRIS, C.J., and GEORGE ROSE SMITH and FOGLEMAN, JJ.