Charles M. TAYLOR *v.* CITY OF LITTLE ROCK, ET AL

78-158                                          583 S.W. 2d 72

Opinion delivered July 9, 1979
(Division I)

*Spitzberg, Mitchell & Hays,* by: *John P. Gill* and *Kent Foster,* for appellant.

*Henry & Duckett,* by: *David P. Henry* and *James M. Duckett* and *Kaplan, Brewer, Bilheimer & Marks,* by: *Phillip E. Kaplan,* for appellees.

FRANK HOLT, Justice. Appellant's 68 acres of land in western Little Rock were annexed at appellant's request by the appellee city on September 16, 1975. The following day, appellant filed a petition with the city seeking rezoning of his property from single family, to which it was automatically zoned upon being annexed, to higher uses; i.e., one third multi-family, one-third quiet business (offices and similar uses), and one-third commercial, leaving 3.6 acres of woods as a buffer zone between the Pleasant Valley Addition and the proposed development. The petition was denied by the City Board of Directors. Thereupon, appellant brought this

suit against the city alleging that the action of the board was an unreasonable, arbitrary and capricious denial of appellant's constitutional right to the highest and best use of his property and seeking to enjoin the city from denying the uses sought in his petition. The Pleasant Valley Property Owners Association and two adjoining property owners intervened as defendants. We first consider appellant's contention that the preponderance of the evidence reflects that the city's zoning ordinance is void. Appellant attacks the validity of the zoning ordinance for failing to comply with statutory requirements.

Appellant cites Ark. Stat. Ann. § 19-2829 b (Repl. 1968) which provides:

> Following adoption and filing of the land use plan, the planning commission may prepare for submission to the legislative body of a recommended zoning ordinance for the entire area of the municipality.
>
> The zoning ordinance shall consist of both a map and a text.

Appellant argues that the city has failed to adopt a "land use plan." On December 21, 1971, the City Board of Directors "accepted" the 1990 Comprehensive Development Plan for Pulaski-Saline Metropolitan Area, as prepared by the Metropolitan Area Planning Commission. The plan was accepted as "only a guide" to be "in no wise binding in any particular with which said plan deals." Appellant argues that, because this plan is not binding on the city, the city has no land use plan and, therefore, is not in compliance with § 19-2829 b. Appellees respond that this position is "sheer nonsense," pointing out that the plan was accepted by the city as a "land use" guide and that the plan includes a "land use plan" which includes policy statements, general design considerations, proposed land uses and projections as to future land use needs. It is clear that the city has accepted the Comprehensive Plan prepared by Metroplan for use as a guide for establishing criteria in changing zoning classifications. We think this suffices for compliance with the statute. A land use plan is meant to be just that - a plan. It is not to be legally binding on the city. Even Mr. Castin, a witness for appellant,

views the purpose of a development plan as being one for serving as a guideline and not to be binding. 82 Am. Jur. 2d, Zoning and Planning, § 69 states that a comprehensive plan "is a policy statement to be implemented by zoning regulations, and it is the latter that has the force of law . . . . Furthermore, a comprehensive plan, when it has been prepared by the planning board or agency, is generally deemed to be advisory, rather than controlling, and it may be changed at any time." Appellant also stresses that the plan fails to state that the city "adopts" the plan. We do not think that the insertion of the word "adopt" into the resolution accepting the plan as a land use guide is a necessary prerequisite for compliance with our statute. Certainly, use of the word "accepts" falls within the spirit of the law. The city defends its compliance with the statute on other grounds. However, suffice it to say that the zoning ordinance in effect on April 6, 1976, when the city acted on appellant's petition for annexation, was not null and void for failure to comply with § 19-2829 b.

Appellant also argues that the city's failure to follow any of its known and admitted planning criteria in denying the application was arbitrary and capricious. Appellant asserts that two criteria ignored were the City Planning Commission's and its staff which recommended approval of the application. However, the planning staff's report noted that there could be potentially "enormous implications on the surrounding area" and pointed out several problem areas that would have to be dealt with should the development proceed; i.e., impact on traffic and adjacent property owners, adequacies of existing street systems, the precedent for continued lineal development along Highway 10 upon which appellant's property abuts, the availability of sufficient sewer capacities, and the creation of potential drainage problems. Further, the city adduced evidence from its expert witnesses who verified these views. Appellant says another criterion not followed was Metroplan's 1990 Comprehensive Development Plan which recommended a commercial development at the intersection of Highway 10 and I-430 at the southeast corner of this intersection. However, appellant's property is located at the southwest corner of the intersection. Appellant says that the Metroplan Pulaski Area Transportation Study of 1974 Annual Report recommended a commercial develop-

ment at the southwest corner of appellant's property. However, the city notes that this plan has not been adopted by it. It is also insisted that the city did not follow the criteria as to the master street plan and the statutory requirement, previously discussed, of a land use plan.

Appellant seems to argue that, because the board chose not to follow the recommendations of the various reports and groups, its action is arbitrary and capricious. However, the board is not bound by these recommendations. They are only factors to be considered by the Board of Directors in arriving at its ultimate decision as a legislative body. The chancellor does not try a city zoning decision *de novo* but, instead, determines whether the city's action was arbitrary, and this court, on appeal, only determines whether the chancellor's finding was contrary to the preponderance of the evidence. *City of Batesville* v. *Grace,* 259 Ark. 493, 534 S.W. 2d 224 (1976); and *Fields* v. *City of Little Rock,* 251 Ark. 811, 475 S.W. 2d 809 (1972). Here we cannot say that the city arbitrarily and capriciously failed to consider its own criteria.

Appellant also contends that a preponderance of the evidence reflects that the city acted arbitrarily and capriciously in refusing to rezone his property from single family use to commercial and multi-family use. The chancellor found otherwise and we agree. As previously indicated, we do not reverse the chancellor's finding as to the propriety of the city's action in a zoning decision unless it is clearly against the preponderance of the evidence. *Fields* v. *City of Little Rock, supra.* Further, there is a presumption that the City Board of Directors, a legislative body, acted in a reasonable manner when they refused to rezone the property. *Lindsey* v. *City of Fayetteville,* 256 Ark. 352, 507 S.W. 2d 101 (1974). Here, appellant's 68 acres of land are located in western Little Rock at the southwest corner of I-430 and Highway 10. The property is joined on the east by this interstate, on the north by Highway 10, on the west by Rodney Parham Road and on the south by the Little Rock Water Works Treatment Plant and Pleasant Valley addition. The acreage is vacant except for appellant's residence and is practically in the midst of a high density residential area. Appellant produced four professional experts who testified that appellant's application for rezoning was justified.

Appellees responded with experts who contradicted their testimony and were of the view that the city's action was reasonable and appropriate. The areas of disagreement among these witnesses included: the most appropriate and best use of the land, traffic conditions (an estimated increase of 24,500 cars per day), fire safety, the city's financial ability to provide necessary improvements, and whether the "scale" of the proposed rezoning would result in an acceptable size commercial area in a high density residential area. It appears the proposed development does not adjoin any commercial activity. Two adjoining property owners and representatives of the Pleasant Valley Property Owners Association, appellees, testified in opposition to the proposed rezoning. According to them, it would have an adverse impact upon their property. No landowners appeared in behalf of the proposed rezoning. After hearing these various witnesses, the chancellor succinctly found:

> . . . Plaintiff produced the testimony of several notable expert witnesses the effect of which was a conclusion, with supportive reasons that the proposed zoning was in all things proper; that the planned development would put Plaintiff's property to its highest and best use.

> On the other hand the City and Intervenors in opposition to Plaintiff produced the testimony of several notable expert witnesses the effect of which was a conclusion, with supportive reasons . . . that the proposed development was improper city planning and should be denied.

> Obviously from the alignment of the eminent expert witnesses in their opposite views, we are dealing in an area in which honest, dedicated and sincere people differ. The Court does not conclude that either side of this argument can be said to reach their respective conclusions arbitrarily, capriciously or unreasonably, and in such position, and this Court being limited to a determination of this narrow issue, the Court concludes that the Complaint of the Plaintiff must be dismissed without relief.

We certainly cannot say that the chancellor's findings are

against the preponderance of the evidence.

Even so, as a subordinate argument, appellant contends that the city was arbitrary in maintaining a single family residential zoning on appellant's property. We find this contention without merit. Under § 43-28 of the City Code of Ordinances, lands, when annexed as here, are automatically and simultaneously treated as "having that use classification of the most restrictive district consistent and compatible with the use to which each such separate parcel is then devoted until a zoning plan of the annexed area is prepared and adopted." Appellant's property was appropriately treated as A-1 single family residential. Here appellant filed his own request for rezoning the day following annexation. Appellees have not contended that appellant's property, when finally zoned by the city, should be restricted to totally single family zoning. However, until such time as a zoning plan is adopted, and since we hold that the chancellor found that the city did not act arbitrarily in denying appellant's petition for rezoning, appellant is, under § 43-28 of the City Code of Ordinances, limited to single family residential zoning.

Affirmed.

We agree: HARRIS, C.J., and GEORGE ROSE SMITH and HICKMAN, JJ.

BYRD, J., dissents.