Burma Jean MARTIN *v.* CITY OF BRYANT

CA 86-20                                          710 S.W.2d 846

Court of Appeals of Arkansas
Division II
Opinion delivered June 11, 1986

*Morton Gitelman*, and *Tapp Law Office*, by: *J. Sky Tapp*, for appellant.

*Richard A. Garrett*, for appellee.

JAMES R. COOPER, Judge. The sole issue on appeal in this zoning dispute is whether the chancellor's ruling, upholding the City of Bryant's refusal to rezone the appellant's land, was clearly against the preponderance of the evidence. We affirm the chancellor.

The pertinent facts are not in dispute. In 1979, the appellant became the owner of a sizeable tract of land located within the city limits of Bryant, Arkansas. At that time, part of the tract was zoned R-1 while the remainder was zoned R-3; both zoning classifications require single family housing, the major difference being that R-1 allows development of lots as small as 7,000 square feet whereas R-3 requires a minimum lot size of 12,000 square feet.

The appellant applied to the Bryant Planning Commission to rezone her entire tract as R-1. The commission indicated to her that it could not approve her application because the only access to her proposed subdivision was from Lora Drive. The appellant therefore acquired land fronting on Laverne Street, a collector street running through the area, giving her proposed development better access. In June, 1980, the planning commission passed a

resolution recommending that the Bryant City Council rezone the appellant's land. The city council tabled the rezoning request at the next council meeting, and at the following meeting, the rezoning request failed for the lack of a motion to place it on first reading.

Upon the appellant's request for reconsideration, the city council sent her application back to the planning commission. Her application was again approved by the commission's resolution and returned to the city council for consideration. However, it again failed to muster the minimum number of council votes to be placed on first reading. The appellant therefore sued the City of Bryant in the Saline County Chancery Court, seeking an injunction ordering the city to rezone her land to R-1. Immediately after the close of evidence, the chancellor ruled that the appellant had failed to show that the city arbitrarily denied her zoning application. From that decision, comes this appeal.

The standard of review applicable here is well settled. At the trial court level, there is a presumption that the city acted reasonably when it rezoned or refused to rezone property. *Smith v. City of Little Rock*, 279 Ark. 4, 648 S.W.2d 454 (1983). With this in mind, the chancellor must determine whether the city's zoning decision was arbitrary, rather than trying the case *de novo. Taylor* v. *City of Little Rock*, 266 Ark. 384, 583 S.W.2d 72 (1979). A zoning decision is arbitrary if it is based on random or convenient selection, rather than on reason. *W.C. McMinn Co.* v. *City of Little Rock*, 257 Ark. 442, 516 S.W.2d 584 (1974). On appeal to this court, we will affirm the chancellor's decision unless it is clearly against the preponderance of the evidence. *Smith* v. *City of Little Rock*, 279 Ark. 4, 648 S.W.2d 454 (1983); *City of Little Rock* v. *Breeding*, 273 Ark. 437, 619 S.W.2d 664 (1981); *Taylor* v. *City of Little Rock*, 266 Ark. 384, 583 S.W.2d 72 (1979). The courts do not have the authority to review zoning legislation *de novo. City of Conway* v. *Conway Housing Authority*, 266 Ark. 404, 584 S.W.2d 10 (1979).

The appellant argues on appeal that the chancellor erred because the evidence showed that her plat and development scheme met all the city's requirements, and that her proposal was consistent with the surrounding neighborhood. She also claims that the city council improperly considered objections made by

interested neighbors at the council meeting, and that the evidence of potential traffic problems created by the subdivision was insufficient to support the city council's refusal to rezone. At the close of evidence, the chancellor stated that the city had legitimate reasons for denying the appellant's application, based on traffic flow and population density considerations. We find sufficient evidence in the record to support the chancellor's conclusion that the City of Bryant's zoning decision was based on reason rather than on random or convenient selection. Several witnesses testified as to the increased traffic congestion and pedestrian safety hazard which would be expected to accompany development of the appellant's subdivision. Furthermore, the city council may properly consider the views expressed by concerned local residents when making zoning decisions. *Tate* v. *Malvern*, 246 Ark. 316, 438 S.W.2d 52 (1969). Therefore, we affirm the chancellor's decision.

Affirmed.

CRACRAFT, C.J., and MAYFIELD, J., agree.