Sylvia CONRAD, Plaintiff
and Appellant,

v.

CITY OF RAPID CITY, Defendant
and Appellee,

and

Robert and Judy Allen, Intervenors
and Appellees.

No. 15140.

Supreme Court of South Dakota.

Considered on Briefs May 21, 1986.

Decided July 30, 1986.

Ronald Clabaugh, of Bangs, McCullen, Butler, Foye & Simmons, Rapid City, for plaintiff and appellant.

Michael G. Diedrich, City Atty., Rapid City, for defendant and appellee.

Thomas G. Fritz, of Lynn, Jackson, Shultz & Le Brun, Rapid City, for intervenors and appellees.

WUEST, Justice.

Appellant Sylvia Conrad (Conrad) appeals from a judgment in circuit court denying her request to declare null and void a resolution of appellee City of Rapid City, South Dakota (City), approving a plat of real property, and from the court's denial of a permanent injunction of the recording of the plat. We affirm.

Dr. Robert Allen (Allen) is the owner of the property, which is the subject matter of the plat, and was permitted to intervene in the action. On March 13, 1985, Allen submitted a proposed subdivision plat of six lots on forty acres of property, located in West Rapid City, to City. The proposed plat was routed for comment through various departments of City and was then given to the Planning Commission for its consideration at a public hearing held March 26, 1985. Allen followed all procedural requirements imposed by the subdivision ordinance and the Planning Commission. City approved the layout plat on April 1, 1985. On April 9, 1985, the Planning Commission considered the preliminary and final Allen Plat and deferred its decision until a second Planning Commission meeting scheduled for April 15, 1985. The Planning Commission resolved to recommend approval of Allen's Plat and prepared its

presentation for City's public hearing scheduled for that evening.

Conrad, a resident of City who had been a realtor since 1974, is the owner of forty acres of land, a small portion of which is adjacent to the property being platted by Allen. Conrad was notified by certified mail of the hearing for Allen's Plat and she attended the hearing on April 5, 1985. She informed City that there might be potential building sites on a ridge located upon her property and adjacent to Allen's proposed plat. She contended that the ridge would be landlocked if the plat was approved. She was not sure, however, whether development of that portion of her property was possible and admitted there was no definite plans to develop the land. Conrad was a previous owner of the forty acres platted by Allen. She did not reserve access when she sold it.

A City ordinance provided: "Land abutting a proposed subdivision shall not be left landlocked by such proposed subdivision." The term "landlocked" is not defined by the ordinance. Black's Law Dictionary 790 (5th ed. 1979), defines landlocked as: "An expression applied to a piece of land belonging to one person and surrounded by land belonging to other persons, so that it cannot be approached except over their land."

Prior to the hearing, City's staff had studied whether the land beyond Allen's property would be landlocked and it determined that access by easement across Allen's property was not practical or necessary. The Planning Commission had also studied the issue prior to its decision to recommend approval of the Allen Plat. At the hearing itself, City considered the local terrain features, the proposed use for the Allen property, and the known plans of Conrad for her property, as well as whether approval would leave the Conrad property landlocked. City was presented with testimony that: 1) a section line right-of-way was available to provide access to the Conrad property; 2) the forty-acre Conrad property was not platted for building sites and is accessible by a public road serving

the only structure on the property; and 3) an old trail exists which could provide additional access. Based upon this information, City approved the Allen Plat.

During the hearing, Conrad requested a continuance to allow her additional time to determine what building sites existed on her property and access thereto. City denied her request for a continuance.

The first issue to be considered is the trial court's scope of review of City's decision to approve the plat. The proper scope of review is:

First, whether or not the city council was within its jurisdiction;

Second, whether or not it was mistaken as to the applicable law;

Third, whether or not it acted arbitrarily, oppressively, or unreasonably; and

Fourth, whether or not there was substantial evidence to support or justify its determination.

*Munch v. City of Mott,* 311 N.W.2d 17, 22 (N.D.1981).

Judicial power to inquire into, review or set aside municipal zoning laws is subject to definite limitations arising from the nature of zoning as governmental and legislative, and from the separation of the judiciary from the legislative department of government.

8A McQuillin, *The Law of Municipal Corporations,* § 25.278 (3d ed. 1986); *Town of Paradise Valley v. Gulf Leisure Corp.,* 27 Ariz.App. 600, 605, 557 P.2d 532, 537 (1976); *see also, Dade County v. United Resources, Inc.,* 374 So.2d 1046 (Fla.App. 1979); *Taylor v. City of Little Rock,* 266 Ark. 384, 583 S.W.2d 72 (1979); *Incorporated City of Denison v. Clabaugh,* 306 N.W.2d 748 (Iowa 1981).

Upon review of action of an administrative agency, the court is confined to determination of judicial as distinguished from administrative questions, and the very nature of the judicial function itself limits judicial review of actions administrative or legislative in nature.... If a court exercising judicial functions only should go further than an inquiry into

the lawfulness or legality and reasonableness of an administrative order, trying the matter anew as an administrative body exercising its independent judgment on the merits, facts, or evidence, or substituting itself for the administrative agency by entering a decree which in its opinion the administrative agency should have entered, or substituting its judgment and discretion for that of the administrative agency, such court action would be in excess of its constitutional powers[.]

2 Am.Jur.2d *Administrative Law* § 613 (1962).

This court has expressed these principles in regard to decisions of other governmental governing bodies. *See Dunker v. Brown Co. Bd. of Ed.*, 8 S.D. 193, 121 N.W.2d 10 (1963) (County Board of Education), and *Pierre Water-Works Co. v. County of Hughes*, 5 Dak. 145, 37 N.W. 733 (1888) (County Commissioners). In *Lohman v. City of Aberdeen*, 246 N.W.2d 781, 785 (1976), this court said:

[T]he governing body of a municipality has an independent, nondelegable duty to exercise its considered judgment whether to approve or disapprove a proposed plat. This discretionary authority is, of course, not unfettered ... and where refusal to approve a plat is withheld arbitrarily and capriciously, or is based upon invalid grounds or grounds not warranted by law, the governing body may be compelled to approve the plat by mandamus. (Citation omitted.)

By negative inference, the same scrutiny will be applied when a city approves a plat.

 The briefs contain much argument concerning the evidence admissible before the trial court. Conrad argues additional evidence may be submitted after City's decision, which may be used to overturn its decision. Such a conclusion is premised upon the court's opinion in *Munch, supra,* wherein that court said a trial anew may be necessary. We believe Conrad's reliance on this statement is misplaced. A careful analysis of that case shows it to be in accordance with our decisions in *Pierre*

*Water-Works, Dunker, Lohman,* and the other authorities cited herein.

 In upholding City's decision, the trial court found there was "sufficient basis in the record to support the conclusions approving the plat." Although the trial court used the term "sufficient basis," it was obviously holding there was sufficient evidence to support City's conclusion. The trial court further held the City's decision approving the plat was not arbitrary or capricious. Since there were facts presented at City's hearing showing Conrad's property would not be landlocked, we agree with the trial court's decision. Nor, do we hold City was arbitrary and capricious in denying Conrad a continuance. Her request was not made until the hearing was in process.

 This is not an appeal from an administrative agency under the provisions of SDCL 1–26–37. Therefore, our review of the trial court's decision is not bound by the provisions of SDCL 1–26–37. *See State v. Miller,* 349 N.W.2d 42 (S.D.1984) and *Kienast v. Sioux Valley Co-op,* 371 N.W.2d 337 (S.D.1985), for this court's review of administrative agencies prior and subsequent to a 1983 amendment of SDCL 1–26–37.

This proceeding commenced as an action in the circuit court—not on appeal—and therefore we review it the same as any other action in circuit court. That is, we affirm on fact questions determined by the trial court unless they are clearly erroneous. *Estate of Hobelsberger,* 85 S.D. 282, 181 N.W.2d 455 (1970).

Here, the trial court found there was evidence upon which the city council based its decision, and our review of the record, primarily the minutes of the proceedings before the city council, convinces us that the trial court was not "clearly erroneous" in finding there was evidence before the city council to sustain City's decision.

The judgment of the circuit court is affirmed.

All the Justices concur.