EASTROADS, INC., A NEBRASKA CORPORATION, APPELLANT, V. CITY OF OMAHA AND VARNUM ARMSTRONG DEETER, INC., A MISSOURI CORPORATION, APPELLEES.

467 N.W.2d 888

Filed April 12, 1991.   No. 88-1026.

David R. Stickman and Mary E. Weber, of Stern, Swanson & Stickman, P.C., for appellant.

Charles K. Bunger, Assistant Omaha City Attorney, and Frank F. Pospishil and Sandra L. Maass, of Abrahams, Kaslow & Cassman, for appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and FAHRNBRUCH, JJ.

HASTINGS, C.J.

Plaintiff-appellant, Eastroads, Inc., filed a petition for declaratory judgment against the defendants-appellees, City of Omaha (City) and Varnum Armstrong Deeter, Inc. (Varnum), to declare a rezoning ordinance invalid, arbitrary, capricious, and illegal and to enjoin the defendants from recognizing the

ordinance and from commencing any construction on the property in question. The defendants filed a motion for summary judgment, alleging that there was no genuine issue as to any material fact and that defendants were entitled to judgment as a matter of law. The defendants' motion was granted, and Eastroads' petition was dismissed.

Eastroads appeals and assigns as error (1) the failure of the trial court to find that the ordinance enacted was arbitrary and unreasonable and contrary to law, (2) the granting of defendants' motion for summary judgment, (3) the denial of the motion of Eastroads for a continuance, and (4) the finding that Eastroads did not have standing.

Summary judgment is proper when the pleadings, affidavits, depositions, admissions, and stipulations show that there is no genuine issue as to any material fact or the ultimate inferences that may be drawn from any material fact and that, as a matter of law, the moving party is entitled to judgment. Neb. Rev. Stat. § 25-1332 (Reissue 1989); *Joseph Heiting & Sons v. Jacks Bean Co.*, 236 Neb. 765, 463 N.W.2d 817 (1990); *First Nat. Bank v. Chadron Energy Corp.*, 236 Neb. 199, 459 N.W.2d 736 (1990). After the movant has shown facts entitling the movant to summary judgment as a matter of law, the opposing party has the burden of presenting evidence to show an issue of material fact which prevents a judgment as a matter of law. *Wilson v. F & H Constr. Co.*, 229 Neb. 815, 428 N.W.2d 914 (1988). In reviewing a summary judgment, we view the evidence in a light most favorable to the party against whom the judgment is granted and give such party the benefit of all reasonable inferences deducible from the evidence. *Id.*

On December 30, 1987, Varnum filed an application with the Omaha Planning Department to rezone certain property located on the northwest corner of Interstate 80 and 13th Street in the City from urban family residential to community commercial, and for a special use permit. The application showed the property owner to be "Thirteenth Street Associates c/o Varnum Armstrong Deeter, Inc. General Partner," and was signed by Ralph W. Varnum.

The City was advised by letter from Varnum that the applicant either owned or was under contract for the purchase

of the affected property and that those agreements to purchase included the right to have the property rezoned. In addition, property owners were given notice of hearings before the Omaha Planning Board and the Omaha City Council as required by law, and they raised no objections.

On August 23, 1988, the rezoning was approved by the city council, and ordinance No. 31600 was adopted, effective September 7, 1988.

The petition of Eastroads for a declaratory judgment was filed on September 8, 1988. It alleges that the applicant was not the proper party to make application under the requirements of the Omaha Municipal Code, since it was neither the owner of the property nor the authorized agent of the owner at the time of the application; that Thirteenth Street Associates was a nonentity at the time of application and thus did not have the legal capacity to make application or enter into contracts; and that the proposed rezoning did not propose a use which is the highest and best use of the property.

Without filing an answer, defendants, on October 20, 1988, filed a motion for summary judgment, with supporting affidavits. Defendants noticed the motion for hearing for November 18, 1988. Eastroads filed a motion for continuance to permit discovery. The record discloses no ruling by the court on that motion for continuance, but obviously it was overruled or disregarded because hearing was had on November 18 on the motion for summary judgment. No objection to proceeding with this hearing was voiced by plaintiff.

By order dated December 7, 1988, the district court found that the motion for summary judgment should be sustained because there was no genuine issue of fact and the defendants were entitled to judgment as a matter of law. The court further found that the plaintiff had no standing to bring this particular action under the pleadings and evidence before the court and that the evidence showed the City had fully complied with the city ordinances with regard to rezoning of the subject property. Finally, the court entered judgment in favor of the defendants, dismissing the plaintiff's petition.

Plaintiff's first assignment of error concerns the claimed failure of Varnum to comply with the procedural requirements

of the Omaha code and the Nebraska statutes because the applicant was not the owner or the agent of the owners of all of the property at the time the application was filed. Furthermore, Eastroads argues that the applicant Thirteenth Street Associates was not an entity at the time the application was made.

Contained in the record in support of defendants' motion for summary judgment are the applications filed with the City showing Thirteenth Street Associates as the owner of the property, various letters from Varnum to the City assuring the planning department that "we" own or have under contract all of the land included in "our Zoning Application," an affidavit by Ralph Varnum as to certain property included in the application, which property is owned by Varnum, and affidavits from the remaining owners of the property included within the application to the effect that they had entered into a sales contract to sell their property to Thirteenth Street Associates, "a partnership to be formed with Varnum Armstrong Deeter, Inc., acting as the general partner therefor." Also included within the record is a portion of the Omaha city code.

In resistance to the motion were the affidavits of R. Gregory Swanson and David R. Stickman, attorneys for the plaintiff, and of Mort Sullivan, president of Eastroads. Swanson's affidavit alleges that he spoke with one of the persons who signed an affidavit regarding the contract of sale, and claims that she told him she did not remember giving anyone authority to submit the application for rezoning. Stickman asserts that after receiving notice of the hearing on the motion for summary judgment, he had insufficient time to prepare his resistance to the motion. He also claims to have a certificate from the county clerk of Douglas County stating that no copy of Thirteenth Street Associates limited or general partnership is "on file in that office." He further relates that, as to certain of the properties involved, "he has been able to determine that there is no explanation in the official record as to whether the aforesaid vendees gave their consent to the rezoning application at issue here."

Finally, the affidavit of Sullivan recites that attached to the

affidavit are copies of land contracts which show sales contracts with the various owners and "Thirteen Street Associates, a partnership to be formed with Varnum/Armstrong/Deeter, Inc., general partner, buyer."

The Omaha Municipal Code requires an application for rezoning to contain the name and address of the owner and applicant and a statement that the applicant is the authorized agent of the property owner if the applicant is not the owner. As previously stated, the application submitted by Varnum lists Thirteenth Street Associates as the property owner and applicant and is signed by Ralph Varnum.

Thirteenth Street Associates was a limited partnership to be formed with Varnum as the general partner. At the time of the application, Thirteenth Street Associates was not registered as a limited partnership with the Secretary of State, as required by Neb. Rev. Stat. § 67-240(a) (Reissue 1986), nor were articles of partnership, as an association, on file with the county clerk of Douglas County, as required by Neb. Rev. Stat. § 67-101 (Reissue 1990).

The affidavit of Ralph Varnum, besides referring to the ownership of the various parcels of land, states that "Thirteenth Street Associates, Varnum/Armstrong/Deeter Inc., and Ralph W. Varnum acted as the authorized agents for the property owners within the Project whose property was included within the request for rezoning." The affidavit further states that at all times since the contracts were entered into, the owners have approved of the request by Thirteenth Street Associates and Varnum to seek rezoning of their property.

The first two assignments of error—i.e., the ordinance was arbitrary and unreasonable, and the motion for summary judgment should not have been granted because there were questions of fact and the defendants were not entitled to judgment as a matter of law—may be considered together.

Plaintiff contends that the ordinance was arbitrary and unreasonable because of a question of ownership of the property and authority of the applicant to act for the owners, and because the use for which the property was rezoned was not its highest and best use.

In *Beall v. Montgomery Council*, 240 Md. 77, 88, 212 A.2d

751, 757 (1965), the Maryland Court of Appeals stated that "zoning ordinances are concerned with the use of property, the height of buildings and the density of population. They are not concerned with the *ownership* of the property involved and title to real property is not tried in zoning cases." (Emphasis in original.)

The court in *Beall* went on to quote from *Heath v. M. & C. C. of Baltimore*, 187 Md. 296, 49 A.2d 799 (1946), as follows: " 'Mere irregularities in an application to a board for a permit not amounting to a jurisdictional defect do not affect the validity of the permit. A substantial compliance with the requirements of an administrative regulation in making an application for a permit is sufficient.' " *Beall, supra* at 89, 212 A.2d at 757.

"Substantial compliance with the requirements as to the application is sufficient. The validity of the permit is not affected by an irregularity in the application not amounting to a jurisdictional defect or by an immaterial discrepancy in the application, nor is such discrepancy grounds for refusal of the permit." 101 C.J.S. *Zoning* § 228 (1958). See, also, *Wash. St. Prop. Owners Assn. v. Camden*, 263 Ark. 649, 566 S.W.2d 733 (1978) (stating that irregularity can be cured by subsequent actions of the city board of directors enacting ordinance while fully cognizant of the prior irregularity); *Binford v. Western Electric Co.*, 219 Ga. 404, 133 S.E.2d 361 (1963) (finding that language of statute providing that "property owners, or otherwise," could apply for rezoning, permitted application by an applicant which planned to construct office building on property but was not the owner of the property); *Stout v. Jenkins*, 268 S.W.2d 643 (Ky. 1954) (finding that no prejudice was shown by the appellants in the filing of the application by the developer rather than the owner and that any irregularity in the application was waived when appellants failed to make the owner a party to the suit); *Waites v. St. Louis County*, 484 S.W.2d 245 (Mo. 1972) (stating that once rezoning proceedings are started, proper notice is given, and hearing is held, the action the legislative body takes depends not on the identity of the owner but rather on the situation of the property, and thus the fact that the purchase contract of the developer who

petitioned for rezoning expired before the property was rezoned did not render the rezoning ordinance invalid); *Miner v. City of Yonkers*, 19 Misc. 2d 321, 189 N.Y.S.2d 762 (1959) (holding that where under statute the common council had the right, independent of any petition, to propose a zone change, any irregularity in a petition for rezoning did not affect the validity of an ordinance granting the change); *Midway Protective League v. City of Dallas*, 552 S.W.2d 170 (Tex. Civ. App. 1977) (concluding that amendments to rezoning should not be set aside lightly because of a procedural defect in their adoption, especially when the complaining parties had not shown any significant prejudice resulting from the procedural defect).

Based on the foregoing authorities, we hold that adjacent landowners do have standing to object to the rezoning of property; however, they do not have standing to object to an irregularity in the application itself without demonstrating any prejudice caused by the irregularity. Hence, plaintiff had no standing to attack any irregularity in the application for a zoning change by reason of ownership of the property. Following that same reasoning, the legal existence or nonexistence of Thirteenth Street Associates is immaterial to a decision herein.

Under the circumstances of this case, there is no dispute as to any material fact affecting the matter of ownership or agency. The showing made by defendants, in the absence of evidence to the contrary, establishes that the application was made by one having agency powers of the owners. All that the plaintiff displayed by its showing in opposition to summary judgment was that one of the owners who had given an affidavit establishing agency authority did not remember doing so. The other evidence produced by the plaintiff tended to corroborate the showing made by the defendants.

A party moving for summary judgment has the burden to show that no genuine issue of material fact exists and must produce sufficient evidence to demonstrate that the moving party is entitled to judgment as a matter of law if the evidence presented for summary judgment remains uncontroverted. After the moving party has shown facts entitling it to judgment

as a matter of law, the opposing party has the burden to present evidence showing an issue of material fact which prevents a judgment as a matter of law for the moving party. *Mason State Bank v. Sekutera*, 236 Neb. 361, 461 N.W.2d 517 (1990). This rule is applicable here.

We now examine the remaining two assignments of error, i.e., the denial of a continuance and the court's finding that Eastroads did not have standing.

A continuance authorized by Neb. Rev. Stat. § 25-1335 (Reissue 1989) is within the discretion of the trial court, whose ruling will not be disturbed on appeal in the absence of an abuse of discretion. *Wachtel v. Beer*, 229 Neb. 392, 427 N.W.2d 56 (1988). A judicial abuse of discretion does not imply improper motive, bad faith, or intentional wrong by a judge, but requires the reasons or ruling of a trial judge to be clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result. *Id*. There was no abuse of discretion, especially considering the failure of the plaintiff to object to the hearing on the motion for summary judgment.

In any event, other than the claimed irregularity in the application, the only specific complaint the plaintiff made was that the rezoned use was not the highest and best use of the subject property. However, the highest and best use is not a determinative factor in a rezoning challenge. *County Comm. v. Mountain Air Ranch*, 192 Colo. 364, 563 P.2d 341 (1977); *Damick v. Planning & Zoning Commission*, 158 Conn. 78, 256 A.2d 428 (1969); *Watson v. Mayflower Property, Inc.*, 223 So. 2d 368 (Fla. App. 1969). Rather, the highest and best use is a consideration in a condemnation proceeding. The highest and best use could not, under the present statutory law, be an issue in the consideration of the actions of the City and the planning board in rezoning the area in question. Neb. Rev. Stat. § 14-403 (Reissue 1987) sets forth the elements considered in rezoning:

> Such regulations shall be made in accordance with a comprehensive plan and designed to lessen congestion in the streets; to secure safety from fire, panic and other dangers; to promote health and the general welfare; to provide adequate light and air; to prevent the overcrowding of land; to secure safety from flood; to

avoid undue concentration of population; to facilitate the adequate provision of transportation, water, sewerage, schools, parks and other public requirements, and to promote convenience of access. Such regulations shall be made with reasonable consideration, among other things, as to the character of the district and its peculiar suitability for particular uses, and with a view to conserving the value of buildings and encouraging the most appropriate use of land throughout such municipality.

The highest and best use is not listed as a consideration in rezoning. Appropriate use and the highest and best use are not the same. The highest and best use of the property is not a factual question in this case; therefore, summary judgment would have been proper with regard to this issue if actually addressed.

Because this matter was submitted to the trial court as a matter of law, we review the matter de novo on the record. We find that there is no dispute as to any material fact, that the ordinance was properly enacted and is not illegal and invalid, that plaintiff is not entitled to a preliminary or permanent injunction, and that plaintiff therefore is entitled to no relief. The judgment of the district court, which dismissed plaintiff's petition, is affirmed.

AFFIRMED.

GRANT, J., not participating.