The Honorable Toni Bradford State Representative
8410 Wildcat Drive Pine Bluff, Arkansas 71603-9112
Dear Representative Bradford:
I am writing in response to your request for an opinion on several questions relating to zoning and other municipal law. Your request states the following as background information:
 The City of Pine Bluff has adopted a comprehensive zoning ordinance, which is codified in Chapter 29 of the Code of Ordinances of the city. To administer the zoning ordinance, the city has created a planning commission. [ . . . ]
 Members of the Pine Bluff city council desire to amend Chapter 29 of the city code as regards conditions pertaining to the operation of automobile salvage yards. [ . . . ] A variation of this ordinance was first proposed in 2008 and referred to the city's Planning Commission, where it was discussed on June 24, 2008, but never recommended to the city council for approval. It was revived by the sponsor this year and again referred to the Planning Commission by the city council. The Planning Commission discussed the proposal on August 25, 2009, but the commission has taken no action to recommend or not recommend the proposal, nor conducted a public hearing on the measure. The proposed ordinance was placed back on the city council's agenda by the sponsor and read once for three consecutive meetings. After the final reading, a motion and second was made to adopt the ordinance. At that point the city attorney stated that to vote to adopt the ordinance would be illegal because *Page 2 
the Planning Commission had not held a required public hearing on the measure. The sponsor of the measure called for the vote, but the mayor, as chair, refused to permit the vote, relying [on] the opinion of the city attorney.
Your questions are as follows:
 1. Is it unlawful for the city council to vote on a proposed ordinance amending the zoning code, which has first been referred to the city's planning commission but not acted upon by that body in a reasonable period?
 2. What remedy does the city council have to compel the city's planning commission to act on a referred measure?
 3. Is an affirmative recommendation of the city's planning commission necessary for the city council to adopt the ordinance amending the city's zoning code?
 4. Does the mayor as chair have the authority to refuse to permit a vote on a piece of legislation which has been read three times and for which a motion and second to pass has been made?
 5. If the mayor as chair refused to call for a vote, may the senior council member or other council member poll the council and declare if the measure has passed?
 6. If the planning commission does not hold a public hearing in a reasonable time on the referred measure, can the city council hold a public hearing on a proposed ordinance relating to an increase in fines for zoning code violations and for imposing additional restrictions on land usage via the zoning code?
It is my understanding that, after the date of your request, the planning commission held a public hearing on the ordinance and returned the ordinance to the city council without recommendation as to whether the city council should enact the ordinance. It is further my understanding that the city council did thereafter enact the ordinance. *Page 3 
As a result of the actions of the planning commission and the city council, your questions have become moot with respect to the specific ordinance that prompted your request. Because similar questions may arise in future, however, I will provide my opinion as if the actions of the planning commission and city council subsequent to the date of your request had not occurred.
RESPONSE
With respect to your first question, it is my opinion that the city council could not have validly enacted the ordinance because the city council had not substantially complied with all applicable mandatory procedural requirements. Because it would amount to the giving of general legal advice, I must decline to answer your second question. With respect to your third question, it is my opinion that the city council generally must obtain a recommendation of some sort from the planning commission, whether in favor, opposed, or neutral, before it may validly enact a zoning ordinance, but that the recommendation may be dispensed with in extraordinary circumstances. Questions like your fourth and fifth questions can be answered only by reference to local procedural rules and should be directed to local counsel. In my opinion, with respect to your sixth question, the city council may, and should, give notice and hold a public hearing on a proposed zoning ordinance in an extraordinary case where it has determined to proceed without a recommendation from the planning commission.
Question 1: Is it unlawful for the city council to vote on aproposed ordinance amending the zoning code, which has first beenreferred to the city's planning commission but not acted upon bythat body in a reasonable period?
The city's zoning code provides that "[a]ll proposed changes, additions, and amendments [to the zoning ordinance] shall be submitted in writing to the planning commission for public hearing, review, and recommendation to the city council." Code of Ordinances of the City of Pine Bluff, § 29-37(a)(2).
In addition, A.C.A. § 14-56-423 (Repl. 1998) requires that amendments to zoning ordinances be made "in conformance with the procedure prescribed in § 14-56-422. . . .,"[1] which requires the giving of notice and the conduct of a public hearing *Page 4 
before the planning commission, and contemplates that the planning commission will make a recommendation to the municipal governing body on the proposal. A.C.A. § 14-56-422.
If a city does not substantially comply with mandatory (as opposed to directory) procedural requirements, the action taken (e.g., a zoning amendment) is invalid. See, e.g., City ofFordyce v. Vaughn, 300 Ark. 554, 781 S.W.2d 6 (1989);Potocki v. City of Fort Smith,279 Ark. 19, 648 S.W.2d 462 (1983); Taggart, supra note 1. A requirement to refer a zoning enactment to the planning commission is a mandatory procedural requirement. See Taggart.
In Taggart, the Court stated in essence that the referral requirement was designed to give the municipal governing body the benefit of the planning commission's expert advice and recommendations. Id. at 574. In my view, the referral requirement, having notice and public hearing components in addition to the advice and recommendation component, also serves the purpose of giving the planning commission and, indirectly, the municipal governing body, the benefit of public comment, suggestion, and objection in order to arrive at more informed and beneficial solutions to zoning questions. Cf. City of Lowell v. MN MobileHome Park, 323 Ark. 332, 916 S.W.2d 95 (1996) (planning commission should consider logical and reasonable concerns of residents in considering zoning questions); Brooks v. City ofBenton, 308 Ark. 571, 826 S.W.2d 259 (1992) (requirement to include map in proposed zoning ordinance was to inform residents so they could intelligently make objections and suggestions).
It is true that, under the facts recited in your request, the city did submit the amendment to the planning commission, whereas there was no submission at all in Taggart and a submission only with respect to the first of three related *Page 5 
amendments enacted in Vaughn
(where the third amendment was invalidated). It is also true that the Taggart court described the mandatory requirement simply as being one of submission or referral to the planning commission. In my opinion, however, mere submission or referral, without more, would not accomplish the essential advisory purpose described in Taggart, or the public comment purpose implied by cases like City of Lowell and Brooks, and therefore would be insufficient to constitute substantial compliance with the referral requirement.
In my view, the city council's referral of the proposed amendment to the planning commission and the passage of time, the only facts in your request that could be argued to constitute substantial compliance, would not be sufficient to satisfy the mandatory procedural requirements of the statute and the zoning ordinance. Accordingly, in my opinion, the Pine Bluff city council could not have validly enacted the ordinance in the circumstances described in your request.
Question 2: What remedy does the city council have to compelthe city's planning commission to act on a referred measure?
I must respectfully decline to answer this question. While I am required by statute to provide my opinion on questions of state law to members of the General Assembly (A.C.A. § 25-16-706 (Repl. 2002)), I am expressly prohibited from engaging in the private practice of law (A.C.A. § 25-16-701 (Repl. 2002)). Any answer I might give to the foregoing question would be excessively speculative, particularly given the resolution of the particular fact situation that prompted your request, and could be interpreted as the giving of open-ended general legal advice.
Question 3: Is an affirmative recommendation[2] ofthe city's planning commission necessary for the city council toadopt the ordinance amending the city's zoning code? *Page 6 
As noted above, the city's zoning code provides that "[a]ll proposed changes, additions, and amendments [to the zoning ordinance] shall be submitted in writing to the planning commission for public hearing, review, and recommendation to the citycouncil." Code of Ordinances of the City of Pine Bluff, § 29-37(a)(2) (emphasis added). Other parts of § 29-37(a) also refer to planning commission recommendation, approval, denial, and the like.See § 29-37(a)(5), (6), and (8). The applicable state statute provides that "[a]ll plans, recommended ordinances, and regulations shall be adopted" in accordance with the procedural requirements of the statute, which contains additional references to commission recommendations. A.C.A. § 14-56-422 (emphasis added); seealso A.C.A. § 14-56-411 (Repl. 1998) (general purpose of planning commission includes to "make recommendations on public and private proposals for development. . . .").
As noted above in response to your first question, the Court inTaggart, holding the referral requirement of the zoning ordinance to be mandatory, stated that the essence of the requirement was to provide the planning commission's advice to the city council. The requirement "was drafted so that the city legislative body could rely on the findings and recommendations of the planning commission." Taggart, 278 Ark. at 574.
In Wenderoth v. Freeze, Mayor,248 Ark. 469, 452 S.W.2d 328 (1970), the planning commission scheduled a hearing on a proposed rezoning, and later rescheduled the hearing for an earlier date. The commission refused to grant a continuance of the hearing to accommodate the appellants and their attorney, who objected to the rezoning request but were unable to attend the rescheduled hearing. The commission recommended approval of the rezoning request, and the city board passed the rezoning ordinance after fully hearing from the appellants and their attorney and witnesses. The Court attached importance to the opportunity to appear before the planning commission and reversed the chancellor's holding that the planning commission had not acted arbitrarily in denying a continuance of the hearing. In so ruling, the Court stressed the deference given by the city board to the planning commission's recommendation.
In my view, Taggart and Wenderoth suggest that an affirmative recommendation of the planning commission is a mandatory procedural requirement in connection with enactment of an amendment to a zoning ordinance that, as such, must be substantially complied with. *Page 7 
Other cases, however, may stand for the proposition that a planning commission may not, by inaction or other failure to make a recommendation, deprive a municipal governing body of its authority to consider and enact a zoning amendment. In Little v.Winborn, 518 N.W.2d 384 (Iowa 1994), the commission's vote on a rezoning proposal was a tie, and the proposal was sent on to the governing body without a recommendation. The Supreme Court of Iowa stated that the commission was an advisory body, while the governing body was a legislative body not bound to accept the commission's recommendation. The Court held that requiring a recommendation would give the commission veto power over the legislative body, and that such an arrangement would be inconsistent with the bodies' relative roles and powers. Id. at 387.
Similarly, in Washington St. Prop. Owners Assn. v. City ofCamden, 263 Ark. 649, 566 S.W.2d 733 (1978), the planning commission approved a rezoning request by a three to one vote, with three members absent, and certified the approval to the city board of directors, which unanimously adopted an ordinance to accomplish the rezoning. Later, the planning commission informed the board that the commission's approval was invalid because the zoning ordinance required the affirmative vote of a majority (four) of the number of members (seven) of the planning commission. The board then held a hearing on the matter and allowed the rezoning ordinance to remain in effect, voting unanimously to decline to repeal the ordinance. The lower court found that the city had substantially complied with the procedural requirements of the zoning ordinance and the Supreme Court affirmed, stating both that there was substantial compliance and that the board's actions after learning of the defect in the planning commission proceedings cured any defect.
In my opinion, then, an affirmative recommendation from the planning commission is a mandatory procedural requirement[3] for the enactment of an amendment to a zoning ordinance. It is also my opinion, however, that a court would find there to be substantial compliance with that requirement in certain exceptional circumstances, such as those considered in Little andWashington St., where an ordinary and conventional recommendation is not obtained. The determination of the degree and sufficiency of compliance in such a case would be fact-intensive and, as a result, I cannot productively generalize about the circumstances in which a planning commission recommendation may be dispensed with. As stated in response to your first question, however, it is my *Page 8 
opinion that the Pine Bluff city council could not have validly enacted the ordinance in the circumstances prevailing on the date of your request.
Question 4: Does the mayor as chair have the authority torefuse to permit a vote on a piece of legislation which has beenread three times and for which a motion and second to pass has beenmade?
Question 5: If the mayor as chair refused to call for a vote,may the senior council member or other council member poll thecouncil and declare if the measure has passed?
In my opinion, these questions can be answered only with reference to local procedural rules.
Arkansas statutory law contains little regarding the conduct of meetings of the council of a city of the first class. One statute expressly provides that the council "shall determine the rules of their proceedings. . . ." A.C.A. § 14-43-501(a)(2)(C)(i) (Supp. 2009). "This [statute] appears to be consistent with the general rule that `[a] municipal council has inherent power to make rules of procedure for its own government, provided such rules are not inconsistent with the constitution, its municipal charter, or any statute of the state.'" Op. Att'y Gen. 2009-138, quoting 56 Am.Jur.2d MunicipalCorporations § 156 (1971). The council of the City of Pine Bluff has both enacted ordinances and adopted rules governing the conduct of its proceedings. See generally Article II, Division 2, Code of Ordinances of the City of Pine Bluff (containing procedural rules); see also Section 2.49(b), Code of Ordinances of the City of Pine Bluff (adopting "`Procedural Rules for Municipal Officials' published by the Arkansas Municipal League, as amended and updated from time-to-time . . . as the rules of procedure governing meetings of the city council.").
Questions like these should be considered with reference to the ordinances and rules cited above and in consultation with counsel, such as the city attorney, better positioned to advise city officials regarding applicable procedural requirements and available courses of action under particular circumstances.
Question 6: If the planning commission does not hold apublic hearing in a reasonable time on the referred measure, can thecity council hold a public hearing on a proposed ordinance relatingto an increase in fines for zoning code *Page 9 
violations and for imposing additional restrictions on landusage via the zoning code?
As stated in response to your first question, it is my view that the requirement to give notice and hold a public hearing is designed to give the planning commission and, indirectly, the municipal governing body the benefit of public comment, suggestion, and objection in order to arrive at more informed and beneficial solutions to zoning questions. The zoning ordinance and the statute that require notice and hearing require the planning commission to conduct the hearing. In my view, this arrangement is designed to permit the commission to assimilate all relevant public comment and to incorporate such public comment into its expert recommendations to the municipal governing body. Such purpose would not be fully realized if the municipal governing body held the public hearing.
It is my opinion nevertheless that the municipal governing body could, and should, give appropriate notice and hold the required public hearing in any case where it is determined to dispense with the planning commission's recommendation. As discussed in response to your third question, it may in exceptional circumstances be permissible for the municipal governing body to proceed with a zoning amendment in the absence of a recommendation from the planning commission. In my opinion, in any such case, particularly if the planning commission has also failed or refused to give notice and hold the required public hearing, the municipal governing body should do so, and should consider the public comment elicited, before proceeding to a vote on the proposal.
Assistant Attorney General J. M. Barker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] The statute provides alternatively that amendments to zoning ordinances may be enacted "by a majority vote of the city council," arguably without any involvement of the planning commission or compliance with any procedural steps beyond those required in the enactment of any ordinance. A.C.A. § 14-56-423. The Supreme Court of Arkansas has held, however, that zoning amendments may be enacted pursuant to the simplified procedure only by those municipalities whose zoning ordinances do not themselves require the enactment of amendments through a "complete planning procedure."Taggart Taggart Seed Co. v. City of Augusta,278 Ark. 570, 573, 647 S.W.2d 458 (1983). Compare City ofRussellville v. Banner Real Estate,326 Ark. 673, 933 S.W.2d 803 (1996) (city council could rezone property by majority vote where ordinance did not require more extensive rezoning procedure), with Smith Auto Salvage v. City ofPine Bluff, 2002 WL 432808 (Ark. App.) (City of Pine Bluff zoning ordinance requires compliance with detailed procedure for consideration of "use permitted on review" (UPOR) application; majority vote of city council would be insufficient). In my view, the procedural requirements of the City of Pine Bluff's zoning ordinance that govern the enactment of amendments are substantially similar to the procedural requirements relating to UPORs considered by the court in Smith Auto Salvage, and also dictate a "complete planning procedure" for the enactment of amendments. Accordingly, in my opinion, the Pine Bluff city council may not enact an amendment to its zoning ordinance without compliance with the amendment procedures of both A.C.A. § 14-56-422 (Repl. 1998) and the zoning ordinance.
[2] I interpret the phrase "affirmative recommendation" to mean an advisory position taken by the planning commission, advising either passage or defeat of the proposal, or perhaps expressing neutrality on the proposal, as contrasted with a failure or refusal to communicate regarding the proposal, as described in your request. It may be, on the other hand, that you intend the phrase to refer to a positive recommendation (i.e., a recommendation that the proposal be enacted rather than rejected). If so, and if your question accordingly is whether the city council may enact a zoning amendment following a recommendation from the planning commission that the amendment not be enacted (and following compliance with all other applicable procedural requirements), the answer is clearly "yes." See, e.g., Mings v. City of FortSmith, 288 Ark. 42, 701 S.W.2d 705 (1986); Taylor v. City ofLittle Rock, 266 Ark. 384, 583 S.W.2d 72 (1979).
[3] I refer only to municipalities that require a "complete planning procedure" in connection with an amendment of the zoning ordinance. See note 1. *Page 1