CANTRELL v. VAUGHN.

5-1372                                    306 S. W. 2d 863

Opinion delivered November 4, 1957.

[Rehearing denied December 9, 1957.]

*Alfred Featherston,* for appellant.

*C. A. Stanfield* and *Q. Byrum Hurst,* for appellee.

PAUL WARD, Associate Justice. On March 14, 1956 43 landowners (out of a total of 78) filed a petition in the County Court of Pike County, asking to annex approximately 1,300 acres to the town of Glenwood in accordance with the provisions of Ark. Stats. § 19-301 to 19-306 inclusive. Later the petition was amended to contain only 690 acres and, as so amended, was approved by the County Court over the remonstrance of several affected landowners, including the appellees.

From the above order of the County Court the remonstrants perfected an appeal to the Circuit Court, although they made no contention that the petitioners (appellants here) failed to comply with the procedural requirements of the pertinent statutes.

The Circuit Court, after hearing petitioners' witnesses on direct and cross e x a m i n a t i o n, denied the (amended) petition for annexation. This appeal follows.

In denying the petition to annex, the court made the following findings of facts: Ninety per centum of the territory attempted to be annexed is presently used

for agricultural and livestock purposes; None of the lands have been platted and held for sale or use as town lots; None of the property has been held on the market to be sold as town property; Only 5 or 6 homes are located in more than 200 acres attempted to be annexed on the north side of town; Only 3 or 4 homes have been located in the more than 200 acres on the west side of town, and not more than 27 or 28 houses are located on more than 200 acres on the east side of town; The property sought to be annexed is not needed for any proper town purposes such as an extension of its streets, sewer, gas or water systems, or to supply places for the abode of businesses or residents, or for needed police protection, and; The said properties are not needed at the present time by reason of their adaptability for prospective town uses. The court further found that only a very few business houses are located in this area, that very few are served with lights and telephones, and that no streets or roads have been provided except the state highway which runs through the area.

Instead of setting out the testimony of each witness we think it suffices here, in view of the decision hereafter reached, to state that we have read the same and that we find it substantially as set out above. We are, therefore, convinced that there is substantial evidence to support the judgment of the trial court and that it must be affirmed. In other words, we find that the testimony set forth above constitutes substantial evidence that the lands here proposed for annexation do not meet the test as stated in *Vestal* v. *Little Rock,* 54 Ark. 321, 15 S. W. 891.

The burden of appellants' argument is that there is a material difference in proceedings under Ark. Stats. § 19-301 to 19-306 (where the property owners initiate the annexation proceedings as they did here) and in proceedings under Ark. Stats. § 19-307 (where the city takes the initiative) and that, in the former case, the substantial evidence rule does not apply. It is conceded, as it must be, that the substantial evidence rule does apply where the city initiates the annexation proceed-

ings. See: *Burton* v. *City of Fort Smith,* 214 Ark. 516, 216 S. W. 2d 884, and *City of Newport* v. *Owens,* 213 Ark. 513, 211 S. W. 2d 438.

There are, we think, at least two reasons why the same evidence rule should apply in both methods of annexation proceedings mentioned heretofore.

*First.* The wording of the statute which authorizes the exercise of discretion and judgment on the part of the court is practically the same in both procedures. Where the landowners, as here, initiate the annexation procedure, § 19-302 says: "The court shall enter its order granting the petition" . . . "if the court shall be satisfied that . . . the prayer of the petitioners is *right and proper.*" (emphasis supplied). When the city initiates the petition under § 19-307, the "proceedings shall be had . . . as is prescribed in . . . § 19-101-19-103 . . ." In the last mentioned section the court will grant the petition when it is "deemed right and proper, in the judgment and discretion of the court. . ." From the above we think it is clear that the court is empowered to exercise the same discretion and judgment as to what is "right and proper" in each case regardless of how it was initiated.

*Second.* Both the landowners and the city need the protection afforded only by the exercise of sound judgment and discretion. As suggested by appellants, without the restraining hand of the courts a city, operating under § 19-307, could reach out and take in surrounding territory "regardless of the will of those mostly affected". It is equally true however, that, absent the same restraint, property owners could force themselves upon a town regardless of its will.

In line with appellants' contention that the substantial evidence rule does not apply to proceedings under § 19-301—19-306, they say that "It was the duty of the Circuit Court on appeal to grant the amended petition," and in support, quote from *Call* v. *Wharton,* 204 Ark. 544, 162 S. W. 2d 916. We find nothing in that case, however, which c o n f l i c t s with what we have said above. The court in the cited case decided

only one question of law, viz: Under § 9495 of Pope's Digest (in material respects the same as Ark. Stats. § 19-301) the petition must be signed by a majority of landowners of the affected territory who live in the county, and not just a majority of the landowners who live in the affected territory. The language relied on by appellants is found in the next to the last paragraph of the cited opinion. In the first place the language is *dictum*, and, in the second place, if it were not *dictum*, appellants are apparently overlooking that the court said "other conditions set out in the section" must be complied with. As we have already seen one of these is that the petition must be right and proper.

Affirmed.