BOB COLE BAIL BONDS, INC., Exit Bail Bonds, Inc., and Bob Underwood, Inc. *v.* Nancy BREWER, Circuit Court Clerk, First Arkansas Bail Bonds, Inc., and Spencer Bonding Services, Inc.

07-1264                                                  288 S.W.3d 582

Supreme Court of Arkansas
Opinion delivered October 9, 2008

*J. Marvin Honeycutt, P.A.*, by: *J. Marvin Honeycutt*, for appellant.

*Rex W. Chronister, P.A.*, by: *Rex W. Chronister*, for intervenors Bob Underwood, Inc. and Exit Bail Bond.

*J. Carl Bush*, for appellee First Arkansas Bail Bonds, Inc.

JIM GUNTER, Justice. This appeal arises from the September 21, 2007 order of the Sebastian County Circuit Court ruling that the May 2, 2006 list of bail bonding companies prepared by Appellee Nancy Brewer, circuit court clerk, was in conformity with Act 417 of 1989 as well as subsequent amendments. Appellants Bob Cole Bail Bonds, Inc ("Bob Cole"), Exit Bail Bonds, Inc. ("Exit"), and Bob Underwood, Inc. ("Bob Underwood") now bring this

appeal. First Arkansas, Inc. ("First Arkansas") brings a cross-appeal. We affirm the circuit court's rulings on both the direct appeal and the cross-appeal.

Act 417 of 1989, currently codified as Arkansas Code Annotated sections 17-19-101 through 17-19-306, went into effect on March 8, 1989, providing that bail bondsmen should be included on the list in the order in which they initially register with the clerk. Peggy Watson was the circuit clerk of Sebastian County in 1989. When she posted the list in 1989, Bob Cole was listed first, Bob Underwood was listed second, and AAA (now Exit) was fourth. In 1997, Nancy Brewer became the circuit clerk. Brewer relied upon the list provided to her by Watson. On October 25, 2005, Brewer received a letter from Appellee Spencer Bonding Services, Inc., ("Spencer") asserting that it should be first on the list. The next day, Brewer received a letter from First Arkansas, asserting that it should be first on the list. Neither First Arkansas nor Spencer was on the list provided to Brewer.

After researching the clerk's records, Brewer discovered that the list she had received from Watson was incorrect because the bond companies' names were not listed in the order in which they registered as required by Arkansas Code Annotated section 17-19-306. She then made a new list with the bonding companies listed in the proper order according to the statute with Spencer listed first, First Arkansas second, Bob Cole third, Bob Underwood fifth, and Exit tenth. Brewer sent this new list to the jail on May 2, 2006. The next day, Bob Cole filed suit against Brewer as circuit clerk and sought an emergency temporary injunction and a permanent injunction commanding Brewer to reinstate the original list. The circuit court ordered Brewer to reinstate the original list and enjoined Brewer from changing the list until a hearing could be held. First Arkansas, Spencer, Exit, and Underwood moved to intervene in the case. The circuit court granted these motions. A hearing was held on August 23, 2007. On September 21, 2007, the circuit court found that the May 2, 2006 list made by Brewer was the proper priority listing of bail bond companies. Appellants Bob Cole, Bob Underwood, and Exit all filed notices of appeal. First Arkansas also filed a notice of appeal, which we will treat as a cross-appeal, asserting that it should be first on the list.

On appeal, Appellants assert that the circuit court should have applied the equitable doctrines of laches and estoppel to Brewer, First Arkansas, and Spencer. We will not address the merits of this argument because Appellants failed to obtain a ruling

on these issues. The circuit court's order contains no reference to laches or estoppel. The failure to obtain a ruling precludes appellate review because there is no order of a lower court on the issue for this court to review on appeal. *Hendrix v. Black*, 373 Ark. 266, 283 S.W.3d 590 (2008).

On cross-appeal, First Arkansas asserts that the circuit court erred in failing to find that First Arkansas was the first to register and was entitled to be the first on the jail list. Specifically, First Arkansas asserts that (1) the subsequent acts amending Act 417 of 1989 do not conflict with the language of the Act; (2) Act 417 clearly and unambiguously indicated the order on the list should be based on individual bail bondsmen registration and (3) even if, based on the subsequent acts, the order should be based on company registration, First Arkansas should still be first on the list pursuant to principal-agent common law.

The issue here is whether the registration of individual bondsmen controls or whether the registration of the bond companies controls. The bail-bond registry shows that Mark Gilmore and Carolyn Pollan, both representatives of First Arkansas, registered as individuals on April 7, 1989. Spencer registered as a company on April 11, 1989 at 8:27 a.m. That same day, at 10:57 a.m., First Arkansas registered as a company. Spencer is listed first on Brewer's May 2, 2006 list because Spencer was the first company to register. First Arkansas asserts that, because its representatives registered before Spencer, it should be first. To decide this issue, we must construe Act 417 of 1989.

We review issues of statutory construction de novo. *Ark. Comprehensive Health Ins. Pool v. Denton*, 374 Ark. 162, 286 S.W.3d 698 (2008). It is for this court to decide what a statute means, and we are not bound by the circuit court's interpretation. *Id*. The basic rule of statutory construction is to give effect to the intent of the General Assembly. *Id*. In determining the meaning of a statute, the first rule is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id*. This court construes the statute so that no word is left void, superfluous, or insignificant, and meaning and effect are given to every word in the statute if possible. *Id*. When the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no need to resort to rules of statutory construction. *Id*. However, this court will not give statutes a literal interpretation if it leads to absurd consequences that are contrary to

legislative intent. *Id.* This court seeks to reconcile statutory provisions to make them consistent, harmonious, and sensible. *Id.* We are very hesitant to interpret a legislative act in a manner contrary to its express language, unless it is clear that a drafting error or omission has circumvented legislative intent. *City of Pine Bluff v. S. States Police Benev. Ass'n*, 373 Ark. 573, 285 S.W.3d 217 (2008).

Act 417 of 1989 governs the practice of bail bondsmen. The Act provides, in pertinent part:

> The chief law enforcement officers of any facility having individuals or prisoners in their custody shall post in plain view in the facility housing those individuals or prisoners a list provided by the circuit clerk. The list prepared by the circuit clerk and approved by the circuit court shall contain the names of *professional bail bondsmen* who register with the circuit clerk for the purpose of being included on the list. *Professional bail bondsmen shall be included on the list in the order in which they initially register with the clerk.* The list provided by the circuit clerk and approved by the court shall include the name of the professional bail bondsman, the company the bail bondsman represents, and the bail bondsman's office address and phone number.

Act of Mar. 8, 1989, No. 417, 1989 Ark. Acts 843, 849-50 (emphasis added). The Act was amended by Act 402 of 1993, now codified as Arkansas Code Annotated 17-19-306, which provides:

> (a) The chief law enforcement officers of any facility having individuals or prisoners in their custody shall post in plain view in the facility housing those individuals or prisoners a list provided by the circuit clerk.
>
> The list prepared by the circuit clerk and approved by the circuit court *shall contain the names of the professional bail bond companies,* which are registered with the circuit clerk for the purpose of being included on the list.
>
> (b) *Professional bail bond companies shall be included on the list in the order in which they were initially registered with the clerk pursuant to Act 417 of 1989.* The order of the company names shall not change from year to year. The agents' names will be listed under the professional bail bond company with whom they are licensed.

Act of Mar. 9, 1993, No. 402, 1993 Ark. Acts 913, 913-14 (emphasis added). The Act was again amended by Act 1139 of 2001, which provides:

(a)(1) The chief law enforcement officers of any facilities having individuals or prisoners in their custody shall post in plain view in the facility housing those individuals or prisoners a list of bonding companies authorized to do business in the county provided by the circuit clerk.

(2) The list prepared by the circuit clerk and approved by the circuit court shall contain the names of the *professional bail bond companies* which are registered with the circuit clerk for the purpose of being included on the list.

(3) This registration is for the purpose of being on the phone list in each county only.

(4) Once a professional bail bond company has registered with a circuit clerk to be on the phone list, it shall not be necessary for it to register each year. The company will keep its place on the list from year to year.

(5) The list shall be posted in each municipality of the county.

(b)(1) *Professional bail bond companies shall be included on the list in the order in which they were initially registered with the circuit clerk pursuant to this chapter.*

(2) The order of the company names shall not change from year to year.

Act of Mar. 28, 2001, No. 1139, 2001 Ark. Acts 4272, 4272-73 (emphasis added).

Arkansas Code Annotated section 17-19-101(5) defines "professional bail bond company" as "an individual who is a resident of this state, an Arkansas firm, partnership, or corporation." Section 17-19-101(6) defines "professional bail bondsman" as "an individual who is a resident of this state and who acts through authority of a professional bail bond company."

Here, the circuit court made the following finding:

> The Court finds that subsequent acts amending Act 417 of 1989, do not conflict with the language of said Act regarding the registration of bail bondsmen and/or companies. In the definition of "professional bail bondmen" and "professional bail bond company" they are both defined as "individuals" authorized to make bonds.

While Act 417 refers to bondsmen and Acts 402 and 1139 refer to bond companies, we agree with the circuit court's finding that Act 417 of 1989 does not conflict with the subsequent amendments. The amendments state that the bail bond companies should be included on the list in the order in which they initially registered. According to the 1989 registration list, Spencer was the first company to register. Moreover the registration list clearly shows that, although Pollan and Gilmore were representatives of First Arkansas, they registered as individuals because they have "Ind." listed next to their names rather than "Co." Therefore, we hold that the May 2, 2006 list with Spencer listed first is in compliance with Act 417 of 1989 and its subsequent amendments. Accordingly, we affirm.

Affirmed on direct appeal; affirmed on cross-appeal.