CITY of JACKSONVILLE, ARKANSAS *v.*
CITY of SHERWOOD, ARKANSAS, Sherwood Holding Co.,
LLC, Metropolitan Realty & Development, LLC, LILAC, LLC,
Greg Heslep, and Michael B. Clayton

08-386                                              289 S.W.3d 90

Supreme Court of Arkansas
Opinion delivered November 13, 2008

*Robert E. Bamburg*, for appellant.

*Stephen R. Giles*, for appellees.

JIM GUNTER, Justice. This appeal arises from a September 11, 2007 judgment of the Pulaski County Circuit Court affirming the Pulaski County Court's decision to grant Appellees' petition for annexation. We affirm the rulings of the circuit court.

On May 11, 2006, Appellee landowners Sherwood Holding Company, LLC, Metropolitan Development, LLC, LILAC, LLC, and Greg Heslep petitioned for four tracts of real property totaling approximately 1951 acres to be annexed into the City of Sherwood. Sherwood Holding Co. is the owner of Tract 1, Metropolitan Realty & Development is the owner of Tract 2, LILAC is the owner of Tract 3, and Heslep is the owner of Tract 4. Tract 1, containing approximately 640 acres, is contiguous with the northern boundary of Sherwood. Tract 2, containing approximately 589 acres, is contiguous with Tract 1. Tract 3, containing 608 acres, and Tract 4, containing 112 acres, are contiguous by virtue of their connection with Tract 1. Appellee Michael Clayton is the authorized agent appointed by the landowners, and also serves as Sherwood's city engineer.

Appellant City of Jacksonville submitted a resolution opposing the annexation of the properties into Sherwood. On June 20, 2006, a hearing was held regarding the petition for annexation in Pulaski County Court. The county court granted annexation on August 3, 2006. Appellant appealed this order to the Pulaski County Circuit Court. The circuit court held a bench trial on May 30, 2007. On May 31, 2007, the circuit court entered its judgment,

affirming the order of the county court and approving the annexation of Tracts 1, 2, 3, and 4. Appellant now appeals.

On appeal, Appellant asserts that (1) the circuit court erred in affirming and approving the annexation of Appellees' properties into the City of Sherwood by the county court because there was insufficient proof presented to the county court to make a determination of the *Vestal* criteria; (2) the circuit court erred in its application of the *Vestal* criteria by failing to complete an established statutory and case law criteria assessment of what is right, proper, and reasonable in an annexation; and (3) the circuit court erred in granting Appellees' petition for annexation in ruling that Ark. Code Ann. § 14-56-413 and § 14-56-426 do not prohibit annexation into Sherwood those portions of Tracts 1, 2, and 3, which lie within Jacksonville's extraterritorial planning jurisdiction and the air installation compatible use zones ("AICUZ zones").

The five criteria used to decide if annexation is proper were set out by this court in *Vestal v. City of Little Rock*, 54 Ark. 321, 15 S.W. 891 (1891):

(1) Whether the property is platted and held for sale or use as municipal lots;

(2) Whether platted or not, if the lands are held to be sold as suburban property;

(3) Whether the lands furnish the abode for a densely settled community or represent the actual growth of the municipality beyond its legal boundary;

(4) Whether the lands are needed for any proper municipal purposes such as for the extension of needed police regulation; and

(5) Whether the lands are valuable by reason of their adaptability for prospective municipal uses.

*See also* Ark. Code Ann. § 14-40-603(a) (Repl. 1998) (requiring that the prayer of the petitioner for annexation be "right and proper").

We have stated that these five criteria should be considered in the disjunctive, and an annexation is proper if any one of the five factors is met. *Town of Houston v. Carden*, 332 Ark. 340, 965 S.W.2d

131 (1998); *Gay v. City of Springdale,* 298 Ark. 554, 769 S.W.2d 740 (1989) (*Gay II*); *Lee v. City of Pine Bluff,* 289 Ark. 204, 710 S.W.2d 205 (1986); *Gay v. City of Springdale,* 287 Ark. 55, 696 S.W.2d 723 (1985) (*Gay I*). The criteria apply regardless of whether the annexation proceeding was initiated by the city or by adjoining landowners. *Town of Houston, supra; Chastain v. Davis,* 294 Ark. 134, 741 S.W.2d 632 (1987); *Louallen v. Miller,* 229 Ark. 679, 317 S.W.2d 710 (1958); *Cantrell v. Vaughn,* 228 Ark. 202, 306 S.W.2d 863 (1957). If a part of the proposed area does not meet one of the five requirements, the annexation of the entire area is void in toto. *Town of Houston, supra; Gay II, supra; Chastain, supra; Chappell v. City of Russellville,* 288 Ark. 261, 704 S.W.2d 166 (1986).

▆ Appellant first asserts that the circuit court's order was an affirmance of a flawed county court ruling because there was insufficient proof presented to the county court to make a determination of the *Vestal* criteria. In response, Appellees contend that, regardless of how the proceeding was initiated, the circuit court properly treated this action as an independent attack on the annexation by holding a trial de novo.

Appellant filed a complaint in the circuit court to prevent the annexation, and it is our responsibility to determine whether the circuit court's findings of fact are clearly erroneous. *See City of Dover v. Russellville,* 346 Ark. 279, 57 S.W.3d 171 (2001). Because our review is one from the circuit court, we are unable to address Appellant's argument on this issue because it erroneously seeks our review of the county court proceeding. *Id.*

For its next argument, Appellant asserts that the circuit court erred in its application of the *Vestal* criteria by failing to complete the established statutory and case-law criteria assessment of what is right, proper, and reasonable in an annexation. In response, Appellees contend that Appellant has failed to meet its burden of proof that the lands proposed for annexation do not meet any one of the statutory requirements of § 14-40-302 and *Vestal.*

Tracts 1 through 4 contain raw timberland and/or floodplain acreage ranging from 112 acres to 640 acres. This general area lies between the cities of Sherwood and Jacksonville, with tracts divided by Bayou Meto, a natural waterway. Appellant asserts that the property east of Bayou Meto is part of the natural growth pattern for Jacksonville and should not be annexed into Sherwood. Appellant contends that the circuit court failed to complete an

assessment of the four tracts under the *Vestal* criteria and did not address the factors of reasonableness set out in *City of Marion v. Guaranty Loan & Real Estate Co.*, 75 Ark. App. 427, 58 S.W.3d 410 (2001).

It is Appellant's burden to demonstrate that the land fails to meet at least one of the criteria of Ark. Code Ann. § 14-40-302, also known as the *Vestal* criteria. *See Town of Houston, supra.* The circuit court concluded that the land met two of the requirements: (1) the land is held to be sold as suburban property; and (2) the land is valuable by reason of its adaptability for prospective municipal purposes.

Testimony from the trial supports the circuit court's conclusion. Steve Deere, a real estate developer and President of Sherwood Holding Company, testified that the company intended to "probably develop mainly residential housing in that area." Terry Paff, President of Metropolitan Realty and Development, testified that "[w]e develop residential subdivisions, which is the biggest part of our plan with this property." Andrew Collins, President of Cypress Properties, which manages Lilac, LLC, testified that he was aware that any development in the area would have to be approved by the Jacksonville Planning Commission. Greg Heslep, real estate developer and owner of Tract 4, testified that he planned to develop his land as commercial and multi-family developments. All four real estate developers testified that they thought that their land would be more valuable in the City of Sherwood rather than in an unincorporated area. They also stated that they were aware of, and would comply with, Sherwood's land development regulations and Jacksonville's zoning regulations designed to protect the fly zone of the Little Rock Air Force Base.

Michael Clayton, Sherwood's city engineer, testified that he was appointed as the agent for the landowners. According to Clayton, Sherwood Wastewater had passed a one-cent sales tax dedicated for sewer system improvements and conducted a feasibility analysis for sanitary sewer for Tracts 1 through 4. He testified that they have approximately $2.2 million dollars set aside for a "skeleton sewer system." He also testified that the City of Sherwood is preparing to extend utilities and to provide fire and police protection to the annexed areas.

Dwight Pattison, the planning consultant for the city of Sherwood, testified that the city adopted a "master street plan" and "land use plan," which primarily show residential develop-

ment for the annexed areas. He further testified that "the recommended area's highest use is suburban development." According to Pattison, the only area remaining for Sherwood to expand is the area north of its boundaries. "This annexation represents the actual growth of Sherwood beyond its boundaries." Based on the above testimony, the circuit court was not clearly erroneous in finding that the land is being held for development as suburban property and that the land is adaptable for prospective municipal purposes. Since at least one of the *Vestal* criteria has been met, we hold that annexation was proper.

■ Appellant also asserts that the circuit court failed to address the reasonableness factors set out in *Marion, supra*. In *Marion*, the Arkansas Court of Appeals analyzed the *Vestal* criteria and also a reasonableness standard utilized by other jurisdictions to determine whether annexation was "right and proper." First, the circuit court did not address the *Marion* reasonableness standard in its order. The failure to obtain a ruling precludes appellate review because there is no order of a lower court on the issue for this court to review on appeal. *Bob Cole Bail Bonds, Inc. v. Brewer*, 374 Ark. 403, 288 S.W.3d 582 (2008). Second, our case law only requires us to analyze and apply the *Vestal* criteria to issues regarding annexation, and we are not required to adhere to the reasonableness standard set out in *Marion*. Therefore, we reject Appellant's argument that the circuit court was clearly erroneous in not addressing the *Marion* reasonableness standard.

For its next point on appeal, Appellant asserts that the circuit court erred in ruling that Ark. Code Ann. §§ 14-56-413 and 14-56-426 do not prohibit annexation of the tracts that lie within Jacksonville's extraterritorial planning jurisdiction and the AICUZ zones. Reviewing issues of statutory interpretation, this court first construes a statute just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Wal-Mart Stores, Inc. v. D.A.N. Joint Venture III, L.P.*, 374 Ark. 489, 288 S.W.3d 627 (2008). When the language of a statute is plain and unambiguous, conveying a clear and definite meaning, the court does not resort to the rules of statutory construction. *Id.* If there is an ambiguity, the court looks to the legislative history of the statute and other factors, such as the language used and the subject matter involved. *Id.* The court strives to reconcile statutory provisions relating to the same subject to make them sensible, consistent, and harmonious. *Id.*

We will first address section 14-56-413 (Repl. 1998), which states, in pertinent part:

(a)(1)(A) The territorial jurisdiction of the legislative body of the city having the planning commission, for the purposes of this subchapter, shall be exclusive and shall include all land lying within five (5) miles of the corporate limits.

(B) If the corporate limits of two (2) or more municipalities of the first or second class are less than ten (10) miles apart, the limits of their respective territorial jurisdictions shall be a line equidistant between them, or as agreed on by the respective municipalities.

A land use plan is meant to be just that, a plan. *Taylor v. City of Little Rock*, 266 Ark. 384, 583 S.W.2d 72 (1979). It is not to be legally binding on the city. *Id.* A comprehensive plan "is a policy statement to be implemented by zoning regulations, and it is the latter that has the force of the law . . . . Furthermore, a comprehensive plan, when it has been prepared by the planning board or agency, is generally deemed to be advisory, rather than controlling, and it may be changed at any time." *Id.* at 387-88, 583 S.W.2d at 73-74 (citing 82 Am. Jur. 2d *Zoning and Planning* § 69).

The circuit court cited to *Arkansas Soil & Water Conservation Comm'n v. City of Bentonville (ASWCC)*, 351 Ark. 289, 92 S.W.3d 47 (2002), in its ruling that Jacksonville's claim of extraterritorial jurisdiction for water projects was not exclusive. In *ASWCC*, we were asked to construe § 14-56-413, and § 15-22-503, empowering the Commission to approve all water projects. Reading the two statutes harmoniously, we held that the city did not have exclusive jurisdiction over water projects in a five-mile extraterritorial planning area surrounding the city and that the Commission was within its statutory authority when it adopted its plan, even though the plan encroached on the city's planning area.

Here, the mid-point between Jacksonville and Sherwood is west of Bayou Meto. At the hearing, the mayor of Jacksonville, Tommy Swaim, testified that portions of Tracts 2 and 3 east of Bayou Meto are critical to Jacksonville because the city has plans for construction of a water tower in the area to improve water pressure in that area. Kirby Rowland, consulting engineer for the Jacksonville Water Department, testified that he participated in the development of the water department's master plan that was approved by the Arkansas Soil and Water Conservation Commis-

sion. According to Rowland, the master plan provided that another water supply is required to meet Jacksonville's future needs through 2020. Jacksonville has contracted with Central Arkansas Water to create the infrastructure needed to provide water lines to Jacksonville, and the service areas of Tracts 2 and 3 were included as part of the calculated costs for this infrastructure. Michael Clayton testified that Sherwood was preparing to extend utilities into the annexed area, but would not object to Jacksonville providing water services in Tracts 2 and 3.

■ Once the land is annexed into Sherwood, Jacksonville will lose its extraterritorial- planning jurisdiction over the land. *See City of Sherwood v. Dupree Co.*, 263 Ark. 442, 565 S.W.2d 425 (1978). Looking at the plain language of the statute as well as our case law, we affirm the circuit court's ruling that "Jacksonville's plans for the area are not superior to and do not defeat the landowner's right to petition for annexation to another city."

■ We now turn to Appellant's assertion that § 14-56-426 (Repl. 1998) prohibits annexation of the portions of tracts one and three that are affected by the AICUZ zoning ordinance. Section 14-56-426 states, in pertinent part:

> (a) Any city of the first class in this state within which there lies in whole or in part an active-duty United States Air Force military installation shall enact a city ordinance specifying that within five (5) miles of the corporate limits future uses on property which might be hazardous to aircraft operation shall be restricted or prohibited.

Appellant contends that, by granting annexation, the circuit court is requiring property developers and homeowners to secure building permits and inspections from two different municipalities before construction can be undertaken in the area, and that such a process is "neither right, proper, nor reasonable."

The Little Rock Air Force Base is located entirely within the Jacksonville city limits, and Jacksonville has enacted an ordinance in compliance with § 14-56-426. That statute is not applicable to Sherwood, although a portion of the land sought to be annexed is covered by the provisions of the statute. The express language of § 14-56-426 does not prohibit annexation of the land into Sherwood; however, because a state statute dictates the Jacksonville AICUZ ordinances, Sherwood is obligated to comply with those Jacksonville ordinances. *Cf. City of Dover v. City of Russellville*, 363

Ark. 458, 215 S.W.3d 623 (2005) (where state statute authorized Russellville flood-prevention ordinance and rendered its violation a nuisance, Dover was required to comply with the Russellville ordinances). Accordingly, we affirm the rulings of the circuit court.

Affirmed.