375 Ark. 439

CITY OF CENTERTON, Appellant,

v.

CITY OF BENTONVILLE, Appellee.

No. 08–380.

Supreme Court of Arkansas.

Jan. 30, 2009.

Slinkard Law Firm, by Andrew R. Huntsinger, Rogers, for appellant.

Clark & Spence, by George R. Spence, Bentonville City Attorney, for appellee.

JIM HANNAH, Chief Justice.

The City of Centerton appeals a judgment of the Benton County Circuit Court declaring as invalid its annexation of surrounded land described as "West Island." Centerton argues that the circuit court erred in finding that the appellees City of Bentonville, a municipal corporation,

George and Nancy Huber, Daniel and Ruby Davies, Sandra and Gary Townsend, and the Lois Peters Revocable Trust (collectively referred to as "Bentonville") satisfied their burden of proof to show that Centerton's annexation of West Island failed to meet the requirements of Arkansas Code Annotated section 14–40–302(a) (Supp.2005). We affirm the decision of the circuit court. Our jurisdiction is pursuant to Arkansas Supreme Court Rule 1–2(b)(5).

Centerton annexed two areas of unincorporated and surrounded land known as "West Island" and "East Island." Both sections of land are completely surrounded by the neighboring municipalities of Centerton and Bentonville. Only West Island is at issue in this appeal.

As permitted under Arkansas Code Annotated section 14–40–501 (Supp.2005), Centerton, as the municipality with the greatest distance of city limits adjoining West Island, passed an ordinance to annex West Island. At about the same time, Bentonville annexed West Island by petition of adjoining landowners, as permitted under Arkansas Code Annotated section 14–40–601 (Repl.1998). Bentonville sued Centerton, alleging that West Island failed to comply with the requirements qualifying the land for annexation by Centerton under Arkansas Code Annotated section 14–40–302(a). A judgment was entered declaring Centerton's annexation invalid.

*Admission by Bentonville*

Centerton argues first that Bentonville's annexation of West Island by petition constitutes an admission by Bentonville that West Island met not only the requirements for annexation by Bentonville, but also for annexation by Centerton. Based on this alleged admission, Centerton argues that Bentonville may not assert that Centerton's annexation was invalid. An admis-

sion is an acknowledgment or concession of a fact. *See Ferguson v. State,* 362 Ark. 547, 210 S.W.3d 53 (2005).

Centerton asserts that "Mr. Peters' signature on that petition is an admission that the Trust's property met at least one of the five criteria set out in A.C.A. § 14–40–302(a)." Peters is an owner of property in West Island in an area referred to as the land south of Motley Road. He, among other landowners, petitioned to be annexed into Bentonville. Centerton cites us to *City of Marion v. Guaranty Loan & Real Estate Co.,* 75 Ark.App. 427, 58 S.W.3d 410 (2001), for the proposition that annexations by petition under section 14–40–601 must satisfy at least one of the listed criteria for annexation set out in section 14–40–302(a) before an area may be annexed. Centerton further argues that only when the land to be annexed meets at least one of the criteria set out in section 14–40–302(a) is the petition "right and proper" as required for annexation by petition in Arkansas Code Annotated section 14–40–603(a) (Repl.1998).

■ With regard to whether the criteria of section 14–40–302(a) apply to annexation by petition of adjoining landowners, even though section 14–40–302(a) is not mentioned in the statutes on annexation by petition, Ark.Code Ann. §§ 14–40–601 to – 606 (Repl.1998), this court in *City of Jacksonville v. City of Sherwood,* 375 Ark. 107, 111, 289 S.W.3d 90, 93 (2008), stated that "the criteria apply regardless of whether the annexation proceeding was initiated by the city or by adjoining landowners." *See also Town of Houston v. Carden,* 332 Ark. 340, 965 S.W.2d 131 (1998).[1] Where at least one of the criteria of section 14–40–302(a) is met, the petition of adjoining landowners is "right and proper" under section 14–40–603(a). *Id.*

We agree that Bentonville in the landowners' petition asserted that the annexation of West Island was right and proper, and that implicit within that petition is an assertion that West Island met at least one of the criteria of section 14–40–302(a) with respect to the annexation by Bentonville. However, the landowners' petition makes no assertion, implicit or otherwise, that West Island met at least one of the criteria of section 14–40–302(a) with respect to the annexation by Centerton. That West Island met a criterion with respect to Bentonville does not necessarily mean that it met that same criterion or any other criteria with respect to Centerton. For example, the actual growth of one municipality surrounding an island might be moving into an island while the actual growth of another surrounding municipality might not. *See* Ark.Code Ann. § 14–40–302(a)(3). In the landowners' petition, neither Bentonville nor the petitioners make an admission that West Island met the requirements for annexation by Centerton.

### Prima Facie Presumption of Compliance With Section 14–40–302(a)

■ Citing Arkansas Code Annotated section 14–40–503(a)(2) (Repl.1998), Centerton next argues that when the majority of its governing body voted for annexation, a prima facie case of annexation was established that Bentonville had to overcome in its suit challenging the annexation. Section 14–40–503(a)(2) provides, "If a majority of the total number of members of the

---

1. Centerton argues that the circuit court erred in finding that the criteria of Ark. Code Ann. § 14–40–302(a) (Supp.2005) do not apply to annexation by petition of adjoining landowners under Ark. Code Ann. § 14–40–601 (Supp.2005). The circuit court erred.

*See City of Jacksonville v. City of Sherwood,* 375 Ark. 107, 111, 289 S.W.3d 90, 93 (2008). However, this error does not require reversal in this case because Bentonville also showed that none of the section 14–40–302(a) criteria were met.

governing body vote for the proposed annexation ordinance, then a prima facie case for annexation shall be established, and the city shall proceed to render services to the annexed area." A decision to annex becomes final in thirty days unless challenged in circuit court. Ark.Code Ann. § 14–40–503(b) (Repl.1998). The burden rests on those objecting to the annexation to produce sufficient evidence to defeat the prima facie case, and that means that they must show that the area should not be annexed. *Gay v. City of Springdale*, 298 Ark. 554, 769 S.W.2d 740 (1989). The party challenging the ordinance bears the burden of proving the annexation was improper. *Id.* However, this court has noted that "by the very nature of this type of litigation, there is a wide latitude for divergence of opinion and, consequently, a high degree of reliance must be placed upon the findings of the trial judge." *Id.* at 557, 769 S.W.2d at 741. A finding by a circuit court on annexation will not be reversed unless it is clearly erroneous. *Town of Houston, supra.*

█ Annexation is proper where any one of the criteria set out in section 14–40–302(a) is met. *Lee v. City of Pine Bluff*, 289 Ark. 204, 710 S.W.2d 205 (1986). However, "[i]f a part of the proposed area does not meet one of the five requirements, the annexation of the entire area is void in toto." *Town of Houston*, 332 Ark. at 348, 965 S.W.2d at 135. Section 14–40–302(a)[2] provides as follows:

(a) By vote of two-thirds (2/3) of the total number of members making up its governing body, any municipality may adopt an ordinance to annex lands contiguous to the municipality if the lands are any of the following:

(1) Platted and held for sale or use as municipal lots;

(2) Whether platted or not, if the lands are held to be sold as suburban property;

(3) When the lands furnish the abode for a densely settled community or represent the actual growth of the municipality beyond its legal boundary;

(4) When the lands are needed for any proper municipal purposes such as for the extension of needed police regulation; or

(5) When they are valuable by reason of their adaptability for prospective municipal uses.

After all the evidence was admitted, the circuit court issued a decision and stated that there was no indication that Centerton "looks at that property as meeting any of these factors in 14–40–302." The circuit court went on to state that it had carefully considered the criteria in section 14–40–302(a), and that while the court was reluctant to overturn an action of the Centerton city council, the "Peters property and the property below the road [Motley] on the south simply don't meet any of the criteria of 14–40–302." The evidence supports this decision. Centerton Mayor Ken Williams testified that the Peters' land south of

---

2. Arkansas Code Annotated section 14–40–302(a) (Supp.2005) sets out what are sometimes referred to as the *"Vestal"* criteria. *See Utley v. City of Dover*, 352 Ark. 212, 221, 101 S.W.3d 191, 194 (2003); *Chastain v. Davis*, 294 Ark. 134, 142, 741 S.W.2d 632, 636 (1987). This court in *Vestal v. Little Rock*, 54 Ark. 321, 16 S.W. 291 (1891), discussed the criteria that could be met to satisfy the requirements of the then applicable statutes on annexation. *See* 29 Mansfield Digest §§ 916–

923, at 324–25 (1884). Annexation is a special statutory proceeding. *Posey v. Paxton*, 201 Ark. 825, 147 S.W.2d 39 (1941). Thus, annexation is defined by statute. *See Rooker v. City of Little Rock*, 234 Ark. 372, 352 S.W.2d 172 (1961); *Grayson v. Arrington*, 225 Ark. 922, 286 S.W.2d 501 (1956). The criteria set out in *Vestal* were modified and adopted into the current statutes as section 14–40–302(a).

Motley Road was annexed because, "in order to take in the whole island we had to take it in." Williams made no reference to any requirement of section 14–40–302(a). The land south of Motley Road was annexed because to get the land Centerton wanted, Centerton had to annex the land south of Motley Road as well. Nonetheless, Centerton argues that there was no proof that West Island did not meet the requirements of section 14–40–302(a)(3)–(5) (Supp.2005).

Section 14–40–302(a)(3) provides that lands may be annexed "when the lands furnish the abode for a densely settled community or represent the actual growth of the municipality beyond its legal boundary." Mayor Williams testified that the area south of Motley Road in West Island was not densely populated. He also testified that to his knowledge, "there are no municipal plans or uses for the property south of Motley Road." Williams did make reference to a "small subdivision" that would be in the area south of Motley Road, but the annexation did not represent the actual growth of Centerton beyond its legal boundary. Further, the circuit court found that the only evidence regarding the use of the Peters property south of Motley Road was that is was used for farming. Agricultural and horticultural lands are not to be annexed when their highest and best use is agriculture or horticulture. *Town of Houston, supra.*

Section 14–40–302(a)(4) provides that lands may be annexed when "the lands are needed for any proper municipal purposes such as for the extension of needed police regulation." In an October 7, 2005 letter providing notice of an annexation hearing on West Island and East Island, Centerton stated plainly that the annexation was necessary to protect Centerton's loans, funding, and plans for water service. No other reason for annexation was offered. Mayor Williams was asked in cross-examination to confirm that "the sole reason for this island annexation was to preserve water customers for the City of Centerton." He responded, "Correct." He then testified that the area south of Motley Road was not part of the water service area the annexation was to protect. Clearly, the land south of Motley Road was only annexed to obtain the "whole island." Bentonville showed that there was no municipal purpose in annexing the property south of Motley Road. When part of the annexed land fails to meet at least one of the five criteria of section 14–40–302(a), the entire annexation is void in toto.

Section 14–40–302(a)(5) provides that lands are subject to annexation "[w]hen they are valuable by reason of their adaptability for prospective municipal uses." Mayor Williams was asked, "To your knowledge, do you have any municipal plans, municipal uses for this property south of Motley Road?" He responded, "No, we don't." Centerton now argues that other municipal services such as fire and police constitute evidence that the presumption arising from the prima facie case was not overcome; however, as the circuit court noted, Centerton was asked about municipal services and responded that water service was the sole reason for annexation.

The circuit court stated that it had looked carefully at the section 14–40–302(a) criteria and that not one of the criteria was met as to the land lying south of Motley Road. In reviewing this matter with a high degree of reliance placed upon the findings of the trial judge, we find no basis for Centerton's allegation that the circuit court's decision declaring the annexation invalid was clearly erroneous.

Affirmed.