Cite as 2020 Ark. App. 373

# ARKANSAS COURT OF APPEALS

DIVISION I

**No.** CV-19-882

| | |
|---|---|
| | **Opinion Delivered:** September 2, 2020 |
| HOLE IN THE WALL NWA, LLC<br>APPELLANT | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04CV-19-877] |
| V. | |
| | HONORABLE JOHN R. SCOTT, JUDGE |
| CITY OF BELLA VISTA | |
| APPELLEE | AFFIRMED |

## KENNETH S. HIXSON, Judge

Appellant Hole in the Wall NWA, LLC (HITW), appeals from an order granting appellee's motion to dismiss filed pursuant to Arkansas Rule of Civil Procedure 12(b)(6) (2019). On appeal, HITW contends that the circuit court erred in dismissing its amended complaint because (1) the mayor of the City of Bella Vista was vested with the authority to contract regarding zoning matters, and (2) the thirty-day statute-of-limitations period found in Arkansas Code Annotated section 14-40-503(b) (Repl. 2013) did not bar HITW's challenge to the annexation ordinance. We affirm.

I. *Relevant Facts*

HITW filed its complaint and amended complaint in April 2019 for injunctive relief, declaratory judgment, and breach of contract against appellee City of Bella Vista (the City). In its amended complaint, HITW alleged the following relevant factual background to this appeal. There existed a parcel of real property commonly referred to as the "Chelsea Road

Property" within or near the city limits of the City of Bella Vista (hereinafter referred to as "the Property"). On August 24, 2015, the City unanimously passed Ordinance No. 2015-19 entitled "Annexing Lands Completely Surrounded by Municipal Limits of Bella Vista and the City of Gravette, and for Other Purposes" (the Ordinance), which annexed the Property into the City. The Property was annexed under the R-1 zoning district, which meant that the property was zoned for residential use. It is undisputed that the Ordinance did not contain a specified effective date, nor did the attestation by the municipal clerk contain a date. HITW alleged that the Ordinance was subsequently filed by the City with the Benton County clerk and recorder on October 15, 2018.[1]

HITW signed a real-estate contract to purchase the Property on May 24, 2018. The intended use by HITW for the Property was a campground, an RV park, and on-site events. Prior to the purchase, members of HITW communicated with the City regarding HITW's intended commercial use of the Property to determine whether its intended usage would be allowed on the Property. On May 8, 2018, HITW received an email from the City's economic development manager, Travis Stephens, indicating that the property was "definitely not part of the city at this time but it is within the planning jurisdiction." HITW alleged that due to this email assurance from the City's economic development manager, HITW proceeded with the purchase.

---

[1]Although the amended complaint alleged that the Ordinance was filed with Benton County on October 15, 2018, we note that an exhibit attached to the amended complaint reflects that the copy of the Ordinance was filed by the Benton County clerk on October 24, 2018. In this opinion, we will use the October 15, 2018, date since the date the Ordinance was filed with the Benton County clerk is not dispositive of the issues herein.

After HITW purchased the Property, Mr. Stephens emailed HITW on September 25, 2018, and advised HITW that he "just found out" that the Property was actually annexed into the City through the 2015 Ordinance and suggested that they "meet to discuss your Hole in the Wall property sooner rather than later." On November 29, 2018, Ariane Grazian, on behalf of HITW, and Ryan Agnew, HITW's attorney, met with Mayor Christie and Jason Kelly, the City's staff attorney. HITW alleged Ms. Grazian and Mr. Agnew stated at the meeting that it was "HITW's intention to bring legal action to nullify the annexation due to [the City's] clerical negligence and improper filing." HITW further alleged that as a result of the meeting, Mayor Christie agreed to honor HITW's "pre-existing non-conforming use" within the scope of existing operations in order to avoid court action. The City memorialized this agreement in a letter from City Attorney Kelly to HITW on December 7, 2018. The letter stated the following in relevant part:

> It was a pleasure to meet with you, your colleague, and the Mayor concerning Hole-in-the-Wall NWA's property off Chelsea Road in Bella Vista (the "property"). Please allow this letter to memorialize the discussion which took place last week with regard to zoning and annexation issues at the site.
>
> The property was annexed as surrounded land by the City Council of Bella Vista in 2015. The ordinance effecting the annexation also zoned the property as R-1 pursuant to our city zoning ordinance. It was discovered late this year that notice of this annexation by Bella Vista was never filed by city officials with Benton County, thus meaning that no title search would reflect the fact that the property was within the city limits of Bella Vista, nor indicate any information with regarding to zoning.
>
> Subsequent to the annexation in 2015, but prior to the City's recording of the ordinance with Benton County in 2018, Hole-in-the-Wall NWA began use of the property as an overnight campground, small entertainment venue. Such use is not permitted as of right in the current R-1 zoning. However, due to the use beginning prior to public notice of the annexation being recorded with Benton County, and in order to resolve any potential legal dispute with regard to the City's annexation and zoning action, the City has agreed that your use of the property at

3

its current intensity would be permitted as a pre-existing, non-conforming use pursuant to our zoning ordinance.

It was further understood during our meeting that any expansion or further construction on the property by Hole-in-the-Wall NWA would require the site to be brought into an appropriate zone for the proposed activity. In short, existing use at the site can continue without violation of the City's zoning ordinance.

The City wishes you success in your effort, and we hope the City's planned second-phase expansion of our trail system will fit nicely into your future plans. Should you need to discuss this matter further, please do not hesitate to contact me.

Three months after the City's letter of December 7, 2018, the City changed its position and reversed course. The City hired attorney Tim Hutchinson. Attorney Hutchinson wrote a letter to HITW dated March 22, 2019, wherein he stated that the City was rescinding its agreement due to HITW's misrepresentations. The letter additionally stated that the City intended to enforce the Bella Vista Code as it pertained to the property, including the zoning restrictions. HITW filed the present litigation and specifically requested from the circuit court the following relief in its amended complaint:

> [HITW] requests that the Court immediately schedule a hearing and at said hearing, (1) temporarily enjoin Bella Vista from zoning code enforcement against HITW; (2) enter declaratory judgment that the Agreement between the parties is valid and enforceable; (3) adjudicate the breach of contract claim and prayer for damages or set the matter for bench trial; (4) award costs, fees, and other relief as the Court may deem appropriate; (5) In the alternative, enter declaratory judgment that Bella Vista Ordinance 2015-19 is void ab initio.

Thereafter, the City filed a motion to dismiss the amended complaint and a brief in support pursuant to Arkansas Rule of Civil Procedure 12(b)(6). In summary, the City argued that the alleged contract—the December 7, 2018, letter from City Attorney Kelly—was neither valid on its face nor enforceable as it was not approved by the Bella Vista Planning Commission or the Bella Vista Board of Zoning Adjustment. The City explained

4

that the alleged contract was signed only by Mr. Kelly and that even the amended complaint alleged that the contract memorialized an agreement that took place between Mayor Christie, Mr. Kelly, Ms. Grazian, and Mr. Agnew. The City argued that because Mayor Christie and Mr. Kelly lacked the legal authority to grant conditional-use permits or variances, any agreement, to the extent there was one, was invalid and unenforceable. Additionally, the City argued that HITW's alternative count to declare the Ordinance void ab initio must be dismissed because HITW lost its ability to challenge the Ordinance when it failed to file an action within the time frame provided by Arkansas Code Annotated section 14-40-503(b). Therefore, it argued that HITW's amended complaint should be dismissed pursuant to Rule 12(b)(6) because even if the alleged facts were true, there was no basis for recovery against the City.

HITW filed a brief in opposition to the City's motion to dismiss. HITW stated that it did not contest the Board of Zoning Adjustment's authority to grant variances or the Planning Commission's authority to grant conditional uses as provided under the Code of Ordinances, City of Bella Vista, Arkansas (the City Code). It cites section 109-33 of the City Code and explains that the Mayor is vested with certain "enforcement" authority. It argued that it had a "preexisting non-conforming use recognized" under the City Code and that "Article V is silent on a prerequisite procedure to recognize a non-conforming use." Therefore, HITW argued that it was "fitting" that Mayor Christie and Mr. Kelly made the determination and requested that the circuit court hold that in the absence of a designated official vested with the power to determine established preexisting use, Mayor Christie's and Mr. Kelly's decision should not be held ultra vires. Regarding the City's contention

5

that its alternative count to declare the Ordinance void *ab initio* must be dismissed, HITW disagreed. HITW argued that any challenge to the Ordinance was not limited by Arkansas Code Annotated section 14-40-503(b) because the City waited three years to record the ordinance with the Benton County clerk. Moreover, it argued that even if section 14-40-503(b) was applicable, any statute of limitations should be tolled until after it received notice that the City was breaching its agreement.

The City filed a reply to HITW's response to the motion to dismiss. In the City's reply, it argued that HITW's response failed to directly address the arguments made in the motion to dismiss and instead argued new theories not contained in the amended complaint. Notably, the City explained that HITW did not seek a declaration that it is entitled to the protections afforded a property owner under the City Code for preexisting, nonconforming uses but instead sought a declaration that the City had no zoning authority over the property because of the alleged contract. The City also explained that HITW did not allege in its amended complaint that the thirty-day time limit to challenge an annexation ordinance provided in Arkansas Code Annotated section 14-40-503 should have been tolled.

A hearing was held on the motion to dismiss on July 16, 2019, in which the parties argued their respective positions as already set out in their pleadings. The circuit court subsequently filed a written order granting the City's motion to dismiss on July 31, 2019, making the following relevant findings:

> 1. Neither the Mayor of Bella Vista nor Defendant's staff attorney had authority to enter into a contract with Defendant regarding zoning matters. Accordingly, the alleged contract between Plaintiff and Defendant is invalid.
>
> 2. Ark. Code Ann. § 14-40-102(c)(2) provides that the effective date of the annexation ordinance was October 15, 2018. Ark. Code Ann. § 14-40-503(b)

6

provides that any challenge to an annexation ordinance must be filed within thirty (30) days of the ordinance's passage. Plaintiff did not bring this action within the required time period.

3. The Plaintiff has not pled any facts which would entitle it to equitable relief.

4. Accordingly, Plaintiff has failed to state facts sufficient to entitle it to relief against Defendant.

5. Defendant's Motion to Dismiss is granted and Plaintiff's Complaint is dismissed without prejudice pursuant to Ark. R. Civ. P. 12(b)(6).

IT IS SO ORDERED.

This appeal followed.

## II. *Standard of Review*

Arkansas Rule of Civil Procedure 12(b)(6) (2019) allows for the dismissal of a complaint for failure to state facts upon which relief can be granted. In reviewing a circuit court's decision on a motion to dismiss under Ark. R. Civ. P. 12(b)(6), we treat the facts alleged in the complaint as true and view them in the light most favorable to the party who filed the complaint. *Prince v. Ark. State Highway Comm'n*, 2019 Ark. 199, 576 S.W.3d 1. In testing the sufficiency of the complaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint, and pleadings are to be liberally construed. *Id*. However, our rules require fact pleading. *Id*. According to Arkansas Rule of Civil Procedure 8(a)(1), a pleading that sets forth a claim for relief shall contain a statement in ordinary and concise language of facts showing that the pleader is entitled to relief. As a result, a complaint must state facts, not mere conclusions, in order to entitle the pleader to relief. *Id*.; *Quinn v. O'Brien*, 2020 Ark. App. 83, 596 S.W.3d 20. We will look to the

7

underlying facts supporting an alleged cause of action to determine whether the matter has been sufficiently pled. *Quinn, supra.*

To the extent we must interpret the City Code or a statute to resolve the issues on appeal, this court's rules regarding statutory construction are clear and well established. We apply the same statutory construction rules to ordinances as we do to statutes. *Mountain Pure, LLC v. Little Rock Wastewater Util.*, 2011 Ark. 258, 383 S.W.3d 347; *Stricklin v. Hays*, 332 Ark. 270, 965 S.W.2d 103 (1998). We review issues of statutory interpretation de novo and are not bound by the circuit court's determination. *Brock v. Townsell*, 2009 Ark. 224, 309 S.W.3d 179. However, we will accept a circuit court's interpretation of the law unless it is shown that the court's interpretation was in error. *Cockrell v. Union Planters Bank*, 359 Ark. 8, 194 S.W.3d 178 (2004). The basic rule of statutory construction is to give effect to the intent of the legislature. *Calaway v. Practice Mgmt. Servs., Inc.*, 2010 Ark. 432. When the language of a statute is plain and unambiguous, this court determines legislative intent from the ordinary meaning of the language used. *Id.* In considering the meaning of a statute, we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.* We construe the statute so that no word is left void, superfluous, or insignificant, and we give meaning and effect to every word in the statute, if possible. *Id.* If the language of a statute is clear and unambiguous and conveys a clear and definite meaning, it is unnecessary to resort to the rules of statutory interpretation. *Brown v. State*, 375 Ark. 499, 292 S.W.3d 288 (2009). However, we will not give statutes a literal interpretation if it leads to absurd consequences that are contrary to legislative intent. *Brock, supra.* It is axiomatic that this court strives to reconcile statutory provisions to make them

consistent, harmonious, and sensible. *Sw. Power Pool, Inc. v. Kanis & Denny Rds. Suburban Water Improvement Dist. No. 349 of Pulaski Cty.*, 2016 Ark. 135, 489 S.W.3d 140.

### III. *Whether the Mayor or Staff Attorney Has Authority to Contract Regarding Zoning Matters*

Citing several cases, the City maintains that it cannot be bound by the unauthorized actions of Mayor Christie and the staff attorney. *See City of Russellville v. Hodges*, 330 Ark. 716, 957 S.W.2d 690 (1997); *Ark. State Highway Comm'n v. Townsend*, 313 Ark. 702, 858 S.W.2d 66 (1993); *Hankins v. City of Pine Bluff*, 217 Ark. 226, 229 S.W.2d 231 (1950). HITW does not dispute this general proposition. Instead, HITW argues on appeal that the circuit court erred in dismissing its amended complaint because Mayor Christie was vested with the authority to contract regarding zoning matters in this case. We disagree.

Generally, the City Code authorizes the Planning Commission to grant conditional-use permits and the Board of Zoning Adjustment to issue variances. *See Bella Vista, Ark.*, Code ch. 109 art. 5 §§ 109-38 & 109-42 (2014) (City Code). However, HITW argues in its brief that the alleged contract did not concern a conditional-use permit or variance but instead recognized HITW's preexisting nonconforming use of the property pursuant to City Code section 109-126, which specifically provided the following relevant language:

> (a) Any lawfully established use of a structure or land, on the effective date of the ordinance from which these regulations or amendments are derived, that does not conform to the use regulations for the district in which it is located, shall be deemed to be a legal nonconforming use and may be continued, except as otherwise provided herein.
>
> (b) Any legal nonconforming structure may be continued in use provided there is no physical change other than necessary maintenance and repair, except as otherwise permitted herein.

9

(c) Any structure, for which a building permit has been lawfully granted prior to the effective date of the ordinance from which these regulations, or amendments are derived, may be completed in accordance with the approved plans. Such building shall thereafter be deemed a lawfully established building.

HITW argues that because section 109-126 is silent as to the specific body or individual authorized to determine a preexisting nonconforming use under this section, Mayor Christie was authorized to make this determination and enter into the alleged contract on this particular zoning matter. It cites the general powers granted to mayors to "[p]erform such other duties compatible with the nature of his or her office as the city council may from time to time require." Ark. Code Ann. § 14-43-504(b)(3) (Supp. 2019). However, contrary to HITW's assertion, the City Code is not silent necessitating the need for us to decide whether the general catchall provision of section 14-43-504(b)(3) was meant to be applicable here. City Code section 109-9 states that "[i]n the event of any question as to the appropriate use types of any *existing* or proposed use or activity, the zoning administrator of the city shall have the authority to determine the appropriate use type. A determination of the zoning administrator may be appealed to the board of zoning adjustment." (Emphasis added.) "Zoning administrator" is defined as the "the city official authorized by the city codes to administer this chapter." City Code § 109-3. Thus, because Mayor Christie was not vested with the authority to contract regarding the zoning matters as alleged in HITW's amended complaint, we affirm the circuit court's dismissal on this point.[2]

---

[2]We note that this opinion does not address whether HITW was entitled to any determination of a preexisting nonconforming use before the Ordinance's effective date under section 109-126. The City correctly points out in its responsive brief that HITW did not request such relief in its amended complaint.

IV. *Whether the Ordinance is Void* Ab Initio

In analyzing the granting of the motion to dismiss, we must necessarily review the following allegations and request for relief set forth in the amended complaint:

> 3. . . . In the alternative, Plaintiff seeks declaratory judgment *invalidating* an improperly recorded ordinance as void ab initio.
>
> . . . .
>
> 24. Annexation void. The annexation ordinance is challenged as *void ab initio*. . . . The notice and documentation provided to Benton County by the City of Bella Vista, having occurred more than 45 days after the effective date of the Ordinance . . . renders the annexation void.

(Emphasis added.) It is clear from the amended complaint that HITW is challenging the *validity* of the Ordinance itself and not just the date the Ordinance became *effective*. HITW's requested relief is for the Ordinance to be declared void *ab initio* and the annexation of the Property declared void. The effect of such a ruling would be to divest the Property from the City of Bella Vista and revert the Property back to Benton County. This is not just a matter of semantics, and an attack on the validity of an Ordinance is not the same as an attack on the effective date of an Ordinance.

The circuit court granted the City's motion to dismiss on this issue, and its order contains the following findings:

> 2. Ark. Code Ann. § 14-40-102(c)(2) provides that the effective date of the annexation ordinance was October 15, 2018. Ark. Code Ann. § 14-40-503(b) provides that any challenge to an annexation ordinance must be filed within thirty (30) days of the ordinance's passage. Plaintiff did not bring this action within the required time period.

The circuit court made two separate and independent findings. First, the court found that the effective date of the Ordinance is October 15, 2018, (the date HITW alleged that the

11

Ordinance was subsequently filed with the Benton County Clerk).[3]  Second, the court

found that a challenge to the Ordinance must be filed within thirty days of the Ordinance's

passage and that HITW did not bring this action within the required time period.  Because

we hold that the amended complaint is an attack on the validity of the Ordinance itself and

not an attack on the effective date of the Ordinance, we do not render an opinion on the

effective date of the Ordinance.  Rather, we hold that Arkansas Code Annotated section

14-40-503(b), which provides that any challenge to an annexation ordinance must be filed

within thirty days of the ordinance's passage, is dispositive of this issue on appeal.

HITW argues on appeal that the circuit court erred in dismissing its amended

complaint because the thirty-day statute-of-limitations period found in Arkansas Code

Annotated section 14-40-503(b) did not bar HITW's challenge to the annexation

ordinance.  We disagree.

The procedure for a city such as Bella Vista to annex real property is set forth in

section 14-40-503, entitled "Procedure for Annexation," which provides the following:

> (a)(1)(A) Except as provided in subdivision (a)(1)(B) of this section, at the next regularly scheduled meeting following the public hearing, the governing body of the municipality proposing annexation may bring the proposed ordinance up for a vote.

> (B) An ordinance shall not be enacted within fifty-one (51) days of a scheduled election to consider annexing all or part of the area in question.

> (2) If a majority of the total number of members of the governing body vote for the proposed annexation ordinance, then a prima facie case for annexation shall be established, and the city shall proceed to render services to the annexed area.

> (b) *The decision of the municipal council shall be final unless suit is brought in circuit court of the appropriate county within thirty (30) days after passage to review the actions of the governing body.*

---

[3]See footnote 1.

(Emphasis added.)

HITW specifically argues that it is not challenging the Ordinance under section 14-40-503. Instead, HITW argues that the Ordinance is void because the City failed to follow the procedural requirements under Arkansas Code Annotated section 14-40-103(b)(1) (Repl. 2019), which states that "[w]ithin forty-five (45) days of the *effective date* of any ordinance or resolution effecting a municipal boundary change under this subchapter." (Emphasis added.) Its argument is unconvincing. Whether HITW intended to challenge the Ordinance under section 14-40-503 is of no consequence. HITW challenged the validity of the annexation Ordinance in its amended complaint. Section 14-40-503 sets forth the procedure for a city to annex property, and subsection (b) is the appropriate statute upon which to mount a challenge to the validity of an annexation ordinance. The Ordinance herein was passed on August 24, 2015, and HITW's complaint was not brought until April 16, 2019.[4] Clearly, HITW failed to file its suit against the City within thirty days of passage of the Ordinance.

As explained above, the basic rule of statutory construction is to give effect to the intent of the legislature. *Pritchett v. City of Hot Springs*, 2017 Ark. 95, 514 S.W.3d 447; *Calaway*, *supra*; *D.B. v. State*, 2011 Ark. App. 151. Arkansas Code Annotated section 14-40-503 is clear and unambiguous. Section 14-40-503(b) provides that an annexation decision by the municipal council shall be final unless suit is brought within thirty days of passage. *See also City of Centerton v. City of Bentonville*, 375 Ark. 439, 291 S.W.3d 594

---

[4]This is the date the amended complaint was filed according to the date stamp.

(2009).  The appellant simply failed to avail itself of the remedy specifically provided by the applicable statute.  Thus, the circuit court did not err in dismissing the amended complaint, and we affirm.

Affirmed.

WHITEAKER and MURPHY, JJ., agree.

*Wright, Lindsey & Jennings, LLP*, by: *Ryan Agnew*, for appellant.

*RMP, LLP*, by: *Larry McCredy* and *Tim Hutchinson*, for appellee.